THE CITY OF WATERBURY *vs.* THE PLATT BROTHERS AND COMPANY.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

When power to exercise the right of eminent domain is delegated to a private or municipal corporation, the extent of the power is limited by the express terms or clear implications of the statute authorizing its exercise.

Authority to take property for a permanent public use does not necessarily imply authority to take property for a temporary public use.

If the legislature can authorize property to be taken and compensation made for limited periods of time, its intention to do so should be clearly expressed.

A city which claims the right to discharge, for several years, the filth accumulated by its inhabitants, as well as surface drainage and other noxious substances, into the canals and pond of a lower riparian mill owner, merely upon paying him damages for such limited period, must be prepared to show its legislative authority by clear and specific terms. Such an extraordinary power will not be inferred from the use of broad phrases or doubtful expressions, and is not conferred upon the plaintiff under the provisions of its charter.

Argued October 29th, 1902—decided January 7th, 1903.

APPLICATION for the appointment of a committee to appraise the damages to be paid to the defendant for an appropriation, for a limited time, of its riparian rights and property, to city sewage purposes, brought to the *Hon. William S. Case*, a judge of the Superior Court, who sustained the defendant's demurrer and dismissed the application, from which judgment the plaintiff appealed. *No error.*

The substance of the application is as follows: The respondent, and its predecessors in title, for many years prior to 1884, and to the present time, have owned a tract of land and water-privilege on the Naugatuck River, about two miles southerly from Waterbury. About 1884 the city, under authority from the legislature, constructed several sewers, by reason of which filthy and noxious substances, accumulated by the inhabitants of the city, were and still are collected and discharged into the Naugatuck River in such manner that they have been carried down the river and deposited in and about the canals and pond by which the water-privilege of the respondent is made available for the manufacturing establishments upon its land, and thereby serious injury to the health of those living upon or employed about the premises has been caused, and the respondent has been restricted in the use of its water-privilege, especially in the season of low water and warm weather, and its rights of property in its

land and water-privilege have been invaded, to its great damage ; and thereby the property, rights, and privileges of the respondent were appropriated and required for the purpose and maintenance and use of said sewers. Said city will be compelled, and intends, to collect and discharge into the river said noxious substances, in the same manner and with the same effect, for the period of five years from the first day of June, 1903, before which time the city will change the method of disposing of said sewage, and after that time the property of said respondent will not be needed for the maintenance and use of said sewers. By judgment of the Superior Court, the city has been compelled to pay the respondent the amount of damages thus done to their property prior to April 23d, 1901. The city authorities have been unable to agree with the respondent upon the amount of damage so done its property since April 23d, 1901, and upon the amount of compensation for appropriating its property till the expiration of the period of five years. Wherefore, by authority of § 4 of an Act amending the city charter, approved April 14th, 1881, and § 7 of an amendment to said charter, approved May 23d, 1867, the applicant applies for the appointment of a committee to appraise the damage heretofore done to the respondent's property, and to fix the compensation to be paid for its property taken for the public use, as aforesaid, for the period of five years.

The only reason of appeal assigned is the claimed error of the court in sustaining a demurrer to this application, on the ground that the proceeding was not authorized by the applicant's charter.

*John O'Neill* and *Lucien F. Burpee,* for the appellant (plaintiff).

*Henry Stoddard,* for the appellee (defendant).

HAMERSLEY, J. The essential averments of fact contained in the application may be stated thus : For some years past the city of Waterbury has conveyed, by means of the Nauga-

tuck River, portions of the filth and noxious substances ac-
cumulated by its inhabitants to the premises of the defendant,
and the putrefaction of the substances thus deposited has
damaged the property of the defendant, and seriously en-
dangered the health of those living on the premises and em-
ployed about the manufacturing establishments thereon.   By
a judgment of the Superior Court the city has been compelled
to pay the damages suffered by this defendant by reason of
these wrongful acts prior to April 23d, 1901.   The city in-
tends to continue on the defendant's premises the nuisance
described, until it has discovered and carried out some feasi-
ble plan for otherwise disposing of said substances; it has
used due diligence to discover said plan and will discover
and carry out said plan within a period of five years.   The
city has been unable to agree with the defendant as to the
amount of damage resulting from its acts, past and intended.
The legislature conferred upon the city by an Act amending
its charter, approved April 14th, 1881, the powers described
in § 4 thereof.   Said filth and noxious substances were col-
lected and discharged into the Naugatuck River by means of
certain sewers constructed by said city under the authority
given in said Act.

Upon these facts the city claims relief, through the appoint-
ment of a committee which shall fix and determine the dam-
ages the defendant has suffered and will suffer during a
period not exceeding five years, by reason of the acts de-
scribed.

It is certain that the court has no power to grant such re-
lief unless it is conferred by the statute referred to.   It is
also certain that authority for such an extraordinary proceed-
ing should not be gathered from doubtful inferences, but
should be unmistakably expressed.

The claim of the applicant is that it is authorized to act as
agent of the State in taking private property for public use,
and to take any property of the defendant that can be re-
garded as appropriated by doing the acts it proposes to do;
and its claim therefore involves the proposition that what it
proposes to do is necessary to the sewerage of the city of

Waterbury, as contemplated by the legislature in authorizing the construction of sewers which shall discharge their contents into the Naugatuck River. It may well be doubted whether the mere authority to construct sewers, emptying into a river flowing through an inhabited country, can imply authority to do the acts described.

The treatment of that part of a city's sewage which comes from the necessity of surface drainage, involves different considerations from those applicable to the treatment of that part of the sewage which comes from the necessity of disposing of accumulations of excreta and substances of a similar dangerous nature. It is matter of common knowledge that accumulations of such substances are a source of danger to health and even life, and for this reason their speedy removal from a city's limits has been regarded as a public necessity; and the same necessity demands that they shall be so removed, or in some way rendered harmless, that other citizens shall not be exposed to the dangers from which the inhabitants of a city are relieved.

Assuming the power of the legislature to authorize a city to maintain nuisances such as are described in the application, even where no controlling necessity exists, it is certainly unlikely that any legislature, in the absence of such necessity, would specifically give to a city such authority, and where the authority is not clearly given, its inference from the use of broad phrases, or doubtful expressions, would be difficult to justify.

In *Platt Brothers & Co.* v. *Waterbury,* 72 Conn. 531, 550, we intimated the opinion that if the charter gave the city power to take the respondent's property in this manner, its provisions for instituting proceedings to determine compensation for any property taken should be broadly construed as applicable to all property that might be taken, in view of the rule which requires a law to be so construed, if reasonably possible, as to give it validity. But the question of charter authority to thus take property for the purpose of sewerage, as well as the question of authority to institute

proceedings for condemnation, were not then material, and we did not pass upon them.

In the present case the applicant admits that the acts it intends to do are not necessary for the purpose of sewerage. The application affirms its desire and intention of disposing in other ways of the filth it has cast upon the defendant's premises. The very basis of its application is, not the necessity of taking the defendant's property for the purpose of sewerage, but the necessity of taking the property for the purpose of enabling it to continue the nuisance described until it has provided for its abatement. The public use for which it claims authority to take property is a condition arising from its delay, reasonable as is alleged, in providing the appropriate means for exercising the powers given it by the legislature in authorizing the construction of its sewers, and, unlike the public use of sewerage, is a use temporary in its nature. A public use permanent in its nature and indefinite in duration, differs from a public use of a temporary nature. The trial court correctly held that authority to take property for a public use of the former kind does not necessarily imply the power to take property for one of the latter kind. When the power to exercise the right of eminent domain is delegated to a private or municipal corporation, the extent of the power is limited by the express terms or clear implications of the statute authorizing its exercise. *Currier* v. *Marietta & C. R. Co.*, 11 Ohio St. 228 ; *Hibernia Underground R. Co.* v. *De Camp*, 47 N. J. L. 518, 547 ; *Bishop* v. *North Adams Fire District*, 167 Mass. 364, 369. But if the taking of property is authorized for a public use, either of a permanent or a temporary nature, the appropriation lasts during the continuance of that use. The applicant's charter authorizes it to take land for the public use of highways. It cannot be claimed that such authority to take land implies the right—upon the city's alleging an intention to discontinue the highway laid out, when a feasible plan for laying out other highways has been discovered and executed, and that it will discover and carry out such plan in five years— to limit the compensation by a valuation of the property

taken for a highway for a period of five years, or to ascertain the whole amount of compensation by a succession of valuations for definite periods. If the legislature can authorize such mode of valuing property taken for public use, whether for the use of highways or use of sewers, it certainly should be clearly expressed. There is nothing in the plaintiff's charter which suggests a legislative sanction for such a mode of proceeding.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.