HARRIET SWITS *vs.* EDITH M. SWITS ET ALS.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The "custody and control" of the remains of a deceased spouse, which is given by General Statutes, § 363, to the surviving husband or wife, is not confined to the immediate possession of the body prior to its original burial, but extends also to subsequent removals and reinterments; and while not an absolute right, its exercise will be controlled by a court of equity only where the conduct of the survivor is unnatural or unreasonable.

The facts in the present case reviewed and *held* not to warrant the interference of a court of equity with the action of the wife in removing the body of her husband from his mother's lot, where it was originally buried two years before with the wife's consent, to her own lot and interring it there.

Argued November 13th, 1908—decided January 27th, 1909.

SUIT for an injunction to secure the reinterment of the remains of a decedent in their original place of burial in the plaintiff's lot, from which they had been removed by the defendants, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the defendants, from which the plaintiff appealed. *No error.*

*Homer S. Cummings,* for the appellant (plaintiff).

*John H. Light,* for the appellees (defendants).

RORABACK, J.   It is provided by § 363 of the General Statutes that " the custody and control of the remains of deceased residents of this state is hereby granted and shall hereafter pertain to the husband or wife of the deceased; but if the surviving husband or wife had abandoned, and at the time of death was living apart from the deceased, or if there be no husband or wife surviving, then such custody and control is granted and shall pertain to the next of kin; but the court of probate for the district of the domicil of the deceased may, at any time, upon the petition of any of the kin, award such custody and control to that relative who may seem to said court most fit, for the time being, to have the same."

The case now under consideration presents the question as to the meaning of the words "custody" and "control" as used in this Act.   The plaintiff contends that these words relate primarily to the immediate possession of a dead body prior to interment, and that when the statutory right has once been exercised this right is exhausted.

In the construction of statutes the intent is to be sought first of all in the words and language employed, and if the words are free from ambiguity and doubt, and clearly and distinctly express the sense of the legislative body pass-

ing the Act, there is no occasion to resort to other means of interpretation. *McKay* v. *Fair Haven & W. R. Co.*, 75 Conn. 608–611, 54 Atl. 923; 2 Sutherland on Statutory Const. (2d Lewis Ed.) § 367.

As applicable to husband and wife, the object or intent of the statute under consideration is obvious, plain and unequivocal. It is expressly declared in the first portion of the Act already recited, and every portion of this enactment relates to the object and purpose expressed in the opening clause; the second clause points out what relative is entitled to the custody and control in cases of abandonment, or when the husband and wife are dead; while the closing provision gives the Court of Probate power to act when there is a controversy between the next of kin as to the suitability of the person in whom this statutory right is reposed. From the entire Act it is apparent that its purpose is to avoid unseemly controversies over the remains of deceased persons, and that the surviving husband or wife shall generally have the custody of the dead body for the purposes of burial, and the control of the remains after interment. This right is not absolute, nor the judgment of the person in whom it is reposed conclusive.

In the present case, from the facts disclosed, it does not appear that the widow has so exercised her right as to call for the interference of a court of equity.

After the death of her husband, it appears that the relations between Edith M. and the plaintiff were of a hostile nature. No stone was erected to mark the grave of the deceased husband, although the body had been interred for two years in the burial lot of his mother. Under the circumstances then existing, the widow preferred to have her husband's remains interred in a burial lot under her own control. After obtaining the necessary statutory permit, she caused their removal to her own burial lot, where she has the right to be interred by the side of her husband.

Under such conditions there was nothing unnatural or unreasonable in the action of the widow.

There is no error.

In this opinion the other judges concurred.