Connecticut Light & Power Co. *v.* Bennett.

———————————

THE CONNECTICUT LIGHT AND POWER COMPANY *vs.*
JOHN A. BENNETT ET AL.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The extent of the power of eminent domain, granted to a private corporation, is limited by the express terms or clear implications of the statute authorizing its exercise.

The Housatonic Power Company, which under its charter (Special Acts, 1893, p. 111, §2) was authorized to transmit and deliver electricity anywhere within the State except such territory as might be reserved for other incorporated companies of a similar nature, was granted the right by Special Acts of 1899, **p. 24, §5**, to "enter upon, take and use all such land or real estate as may be necessary or convenient . . . in erecting and maintaining its poles, wires, conduits and fixtures outside of the cities and villages, public grounds and highways, for the purpose of conducting electricity." In 1917 (Special Acts, p. 833) the Rocky River Power Company was authorized to acquire all the property and franchises of the Housatonic Power Company and to change its name to The Connecticut Light and Power Company, the plaintiff in the present action. The plaintiff was further empowered in 1919 (Special Acts, p. 106) "to enter upon, take and use any lands, real estate and privileges . . . whenever it shall

be necessary or convenient in the exercise of any of the rights, powers and privileges of the company." *Held:*

1. That the plaintiff, through the purchase of the rights, privileges and franchises of the Housatonic Power Company, had the power to take by eminent domain an easement for the purpose of erecting a transmission line across the defendant's land, which was located in the town of Haddam and, so far as appeared, was not, within any city, village, public ground or highway.

2. That had the plaintiff not already possessed this power, it would have acquired it under the Act of 1919 which was obviously intended merely as a legislative recognition and confirmation perhaps in clearer and possibly somewhat broader terms, of the transfer of the rights originally vested in the Housatonic Power Company.

Argued January 3d—decided May 4th, 1928.

PETITION for the appointment of a committee to assess the amount of damages to the land of the defendants caused by its use by the plaintiff in accordance with the powers contained in its charter, brought to and heard by the *Hon. Christopher L. Avery,* a judge of the Superior Court; judgment for the plaintiff, and appeal by the defendant Bennett. *No error.*

The appellant (defendant Bennett) *pro se.*

*Lawrence A. Howard,* for the appellee (plaintiff).

WHEELER, C. J. The Connecticut Light and Power Company brought its petition to *Judge Avery* representing that by virtue of the authority conferred upon it by its charter and by its acquisition of all the rights, franchises and privileges of The Housatonic Power Company it is erecting lines of towers, poles and wires, conduits and fixtures from its general transmission system near Meriden to the plant of The Eastern Connecticut Power Company at or near Montville, for the purpose of conducting electricity generated by it in its stations in the western part of the State to and for the use of The Eastern Connecticut Power Company; that

the defendant Bennett is the owner of a piece of land in Haddam, that it has become necessary and convenient for it to enter upon and use, pursuant to a vote of its board of directors, an easement in a part of this land, and that the parties cannot agree upon the amount to be paid on account of damages which may arise by the entry, taking and use of it. Wherefore the petitioner applies for the appointment of three disinterested citizens of the State as a committee to assess the damages to the owners or parties interested in this property pursuant to its charter. The defendant's answer denies the allegations of the petition, and denies that the petitioner has the right of eminent domain as alleged in the petition.

The judge found the issues in favor of the petitioner and rendered judgment appointing a committee to assess the damages. From this decision the defendant Bennett took his appeal assigning four errors, two of which are pursued and are: that the court erred in holding that the petitioner had the right to enter and take this land for the purpose of erecting poles, towers or both, or any other structure thereon deemed necessary for the purpose of sustaining wires, cables or both, or any other material by which to transmit electricity over or through defendant Bennett's land, and that the court further erred in holding that the right of eminent domain is plainly conferred on petitioner by §§2 and 3 of the Special Acts of 1919, page 106. By the Special Acts of 1917, page 833, The Housatonic Power Company was authorized to sell its property and franchises to The Rocky River Power Company and that company was authorized to acquire these, and its name was changed to The Connecticut Light and Power Company. The petitioner alleges that it has acquired the rights, privileges and franchises of The Housatonic Power Company, and since *Judge Avery* has found

the issues for the petitioner, it follows that the sale of The Housatonic Power Company to The Rocky River Power Company has been completed and the name of that company changed to The Connecticut Light and Power Company. When the sale was effected The Rocky River Power Company became the owner of the rights, privileges and franchises of The Housatonic Power Company, and continued in the possessive right to all the rights, privileges and franchises which had been conferred upon it by its own charter. The rights, privileges and franchises of both companies passed to The Connecticut Light and Power Company as the successor to The Rocky River Power Company. The petitioner claims its right to take the easement in defendant's land by virtue of (1) the charter of The Rocky River Power Company, (2) the charter of The Housatonic Power Company, and (3) §3 of the Special Act of 1919, granted to it.

We shall not consider its claim under the charter of The Rocky River Power Company for the reason that the petitioner rests its rights under the allegations of its petition solely upon its own charter and upon the acquisition by it of the rights, privileges and franchises of The Housatonic Power Company.

That company, under its charter, Special Acts of 1893, page 111, in §2, is empowered to transmit and deliver electricity outside of the territory in which incorporated companies have a like power, and to transmit to the boundary lines of any city, town, or borough within the territory of such companies for their use, and empowered to transmit electricity through the territory of such companies, without diverting or using it therein, for any street railway purposes for power only, and also to transmit it through such territory for the purpose of delivering it to other persons and corporations outside the territory of such incorporated

companies. Under §6, the company is given power to enter upon, take, and use all such land or real estate as may be necessary or convenient for it to enter upon and to use in the erection of said dam and the setting back of water caused thereby, and in the construction and use of said reservoirs, etc., as may be necessary and convenient "in developing and utilizing the power thereof." In §5 of the Special Acts of 1899, page 24, §6 of this company's charter was amended by adding after the words "the power thereof," which we have just quoted, the following, "and in erecting and maintaining its poles, wires, conduits, and fixtures outside of the cities and villages, public grounds and highways, for the purpose of conducting electricity." Whether or not The Housatonic Power Company, prior to this amendment, had the right to take defendant's land by right of eminent domain under the provisions of its charter it is unnecessary to now consider. We take the charter of the company as amended and find no conclusion admissible other than that the right of the company to exercise such power in taking, *in invitum*, the defendant's land cannot, subsequent to this amendment, be successfully gainsaid. The language of the amendment is clear. It describes in unmistakable terms the right to erect and maintain a transmission line for the purpose of transmitting electricity. The amendment restricts this right in one particular only— that the power of erecting and maintaining the transmission line shall be outside cities and villages, public grounds and highways.

In the presentation of his argument the defendant gave us a picture of the land to be taken and its immediate surroundings, which plainly indicated that the land is not located in a village. We take judicial notice that land in Haddam is outside of a city. The description indicates that it is not, in whole or part,

public grounds or highways, while the allegation that the land is owned by the defendant would rebut the claim that the public either own it or have an easement in it. Nor has the defendant claimed the contrary, nor could he in the absence of a finding to that effect. In view of the findings of the issues for the plaintiff and the absence of any claim of error in the assignments due to the failure of the record to specifically state that the land was not in a city or village and did not comprise public grounds or highways, we must presume that the land to be taken is within the territory in which the plaintiff's charter gives it the right to exercise the right of eminent domain. No claim is made that there is any limitation of this right territorially. Wherever a transmission line may, under the plaintiff's charter, be erected and maintained for the purpose of transmitting electricity within the State, land may be taken under the provisions of §6. There are no territorial limits in the amended charter save the boundaries of the State, and the territory served by other incorporated companies and designated as their territory.

The Connecticut Light and Power Company, as successor of The Rocky River Power Company, having come into possession of all the rights, franchises and privileges of The Rocky River Power Company and of The Housatonic Power Company, thereafter, in 1919, secured an amendment to its charter in the Special Acts, p. 106. Section 2 of this amendment provides: "The Connecticut Light and Power Company is authorized to build and maintain dams, . . . structures, plants and systems as may be convenient or necessary to fully and economically develop and utilize the rights, powers and privileges of said company." Section 3 of this amendment provides: "Whenever it shall be necessary or convenient, in the exercise of any

of the rights, powers and privileges of the company, for it to enter upon, take and use any lands, real estate and privileges, it shall have the power to enter upon, take and use all such lands, real estate and privileges in the same manner and subject to the terms and conditions all as provided in section six of the act incorporating The Rocky River Power Company, approved June 22, 1905." These provisions added nothing to the power already vested in this company so far as its right to take by eminent domain the land of the defendant was concerned.

The terms of the grants to The Housatonic Water Company and to the petitioner in this amendment are different, perhaps clearer and possibly somewhat broader in the amendment, but surely plain and express.

Section 3 would have given to the plaintiff the right to take, *in invitum,* the land of the defendant had it not already possessed this power.

The amendment was undoubtedly sought by the plaintiff in order to secure legislative recognition and confirmation of the purchase by The Rocky River Power Company of all the rights, franchises and privileges of The Housatonic Power Company, the merger of these two companies, and of the fact that The Connecticut Light and Power Company was the successor of The Rocky River Power Company and to make clear its right to the exercise of the power of eminent domain. The language of the amendment has effectuated these purposes.

The grant of the power to exercise the right of eminent domain by a private corporation and "the extent of the power is limited by the express terms or clear implications of the statute authorizing its exercise." *Waterbury* v. *Platt Brothers & Co.,* 75 Conn. 387, 392, 53 Atl. 958. The grant of this power now vested in

the plaintiff is, though general in terms, as express and clear as if the rights, powers and privileges had been specifically enumerated; it is more clear and definite than has sometimes been found in legislative enactments which we have held to sufficiently grant this right. *Water Commissioners* v. *Johnson,* 86 Conn. 151, 84 Atl. 727; *Water Commissioners* v. *Manchester,* 87 Conn. 193, 199, 87 Atl. 870; *State ex rel. New Haven & Derby R. Co.* v. *Railroad Commissioners,* 56 Conn. 308, 313, 15 Atl. 756.

*Judge Avery* was clearly correct in his decision and in the ground upon which he placed it. The defendant's appeal is without merit.

There is no error.

In this opinion the other judges concurred.