PHYLLIS G. LANDRY ET AL. v. PERSONNEL APPEAL BOARD
OF THE STATE OF CONNECTICUT

SUPERIOR COURT        TOLLAND COUNTY        FILE No. 5732

Memorandum filed August 6, 1951.

*James F. Rosen*, of New Haven, for the Plaintiffs.

*William L. Hadden*, Attorney General and *Harry L. Brooks*, Assistant Attorney General, of Hartford, for the Defendant.

MOLLOY, J. The agreed statement of facts upon which the court is to base its decision is as follows:

Plaintiffs were state employees in the classified service of the state with the title of claims examiner, grade I in the division of employment security, Connecticut department of labor and factory inspection. As a result of a decrease in the unemployment compensation claims load, a reduction in staff of about fifty claims examiners was found necessary on June 1, 1950.

Correspondence between the personnel director and the executive director of the division of employment security and a memorandum from the executive director of the division of employment security to the employees who are veterans advised that any employee who bought in for retirement purposes time spent in the armed services, would and should be credited for such periods of time in his "term of state service," in determining order of layoff under the provisions of House Bill No. 34, approved May 18, 1950, also known as Public Act 15, March 1950 Special Session.

Plaintiffs, all nonveterans and other nonveteran examiners, were laid off and dismissed on June 29, 1950, after a delay in arranging layoffs according to seniority. As indicated in Exhibit G, the executive director of the employment security division stated that the layoff was based on insufficient total state seniority as defined by Public Act 15, March 1950 Special Session. Veterans who had "bought in" credit for war service (Section 32a, Sup. 1949) were retained in preference to plaintiffs and other nonveteran claims examiners, having been credited with seniority in term of state service in addition to credit towards retirement.

Plaintiffs appealed to the personnel appeal board on July 10, 1950, in accordance with the provisions of § 3 of Public Act 15, March 1950 Special Session. A hearing was held by the board on July 24, 1950, and the facts contained herein were presented to the board for its decision to be based upon the proper construction of all statutes applicable to the questions involved.

The board found that § 339 (Rev. 1949), § 32a (Sup. 1949) and Public Act 15, March 1950 Special Session, were the pertinent statutes controlling the determination of the question of credit to be given to a state employee where war service of veterans was involved and which state employees were entitled to be retained in case of layoff. The board accordingly determined that the claim of the plaintiffs that they had seniority in state service over that of certain war veterans in the state who had "bought in" credit for state service for the period of their war service, was without legal merit, and dismissed their appeal.

Plaintiffs now petition and pray this court for a review of the decision, findings and doings of the state personnel appeal board as erroneous, improper, illegal and based upon an 'mproper construction and interpretation as a matter of law of the applicable and pertinent statutes. Plaintiffs have also prayed for a declaratory judgment, as indicated in their complaint.

Reference to the various exhibits will clarify the situation. The question before this court, in short, is whether the decision of the personnel appeal board that the claim of the petitioners that they should not have been laid off and that they had seniority in state service over that of certain war veterans in the state employ who had attained seniority only by reason of being given credit for state service for the period of their war service was without legal merit, is correct. In the decision of the personnel appeal board this court concurs.

The board found that § 339 of the General Statutes, § 32a of the 1949 Supplement, and House Bill No. 34, also known as Public Act 15, approved May 18, 1950, were the pertinent statutes controlling the determination of the question of credit to be given to a state employee where war service of veterans was involved and which state employees were to be retained in case of layoff.

The plaintiffs contend that (1) § 339, is not applicable to the order of layoff, in so far as the question of seniority is involved; (2) Section 32a (Sup. 1949) relates solely to credit for ultimate retirement, and the method whereby veterans may acquire such retirement credit; (3) Public Act 15, March 1950 Special Session, is applicable, the sole test to be applied by the appointing authority in determining the order of layoffs, etc., and the sole legislative guide for crediting seniority of service of state employees; and (4) the state personnel appeal board improperly construed and interpreted as a matter of law said statutes and public act.

Public Act No. 15 provides that no employee in the state classified service who has been doing his work satisfactorily shall be dismissed or laid off because of lack of work, economy, etc. "provided any other employee in the same classification performing comparable duties, with less state service, is to be retained in the same department, agency, or institution."

Section 3 of said Public Act No. 15 provides, among other things, that any employee laid off for reasons of economy or lack of work may appeal only on the grounds that the order of layoff has not been determined in accordance with the provisions of § 1 of said Public Act No. 15. In Exhibit E, dated June 21, 1950, "Important message to employees who are veterans," the executive director quoted § 32a as follows: "Credit for war service. Any veteran, as defined in section 2925 who has become a member of the state retirement system since June 20, 1939, shall be granted credit for the period or periods of war service rendered by him during any war periods specified in said section, provided he shall pay to the retirement fund for each year of such war service a sum equal to four per cent of his first year's salary as an employee of the State, with interest at five per cent per annum." Subsequently by letter, the services of the plaintiffs and others were terminated by the administrator of the department of labor acting by his executive director.

The pertinent statute on the question of whether or not the length of service of a state employee may include war service and so determine whether or not such veterans are entitled to seniority, by reason of such war service, over other state employees, are § 339 of the General Statutes, "Veterans; War Service to be credited"; Section 30a, Sup. 1949, "Credit for Service"; Section 32a, Sup. 1949, referred to above, and Public Act 15 entitled "An Act Concerning Layoff Procedure and Re-employment Lists."

In construing these or any other statutes we may well follow the law concerning the construction of statutes as expressed in Grace Hospital Society v. New Haven, 119 Conn. 146, 154. "In this situation the applicable rule of statutory construction is that the intention of the legislature as expressed by it must control the action of the judiciary, and 'the courts have no other duty to perform than to execute the legislative will, without any regard to their own views as to the wisdom or justice of the . . enactment.' Sedgwick, Construction of Statutory Law (2d Ed.)

p. 325." If the language is clear there is "no occasion to resort to other means of interpretation." *Swits* v. *Swits*, 81 Conn. 598, 599. M*ʌ*ny other cases support this rule.

Section 339 of the General Statutes reads as follows: "Veterans; war service to be credited. The term of employment in the service of the state shall be construed to include, in the case of a veteran, as the term is defined in section 2925, the term of war service of such veteran, and all records of the state which show the length of service in the employment of the state of any such veteran shall be amended so as to show the length of such war service and the total of such employment service and war service."

The mandate is clear—the legislature has decreed that the period of war service must be included in determining the term of employment of a state employee with the further direction that "all records of the state which show the length of service in the employment of the state of any such veteran shall be amended so as to show the length of such war service and the total of such employment service and war service."

Section 32a concerns the veteran who has become a member of the state retirement system since June 20, 1939. These two sections read together clearly direct that credit be given for the period or periods of war service rendered by the veteran. The language of § 339, quoted above, is significant in that it directs that "the length of service in the employment of the state of any such veteran shall be amended so as to show the length of such war service and the total of such employment service and war service." There is, of course, the proviso in § 32a that the veteran shall pay to the retirement fund for each year of such war service a certain percentage of his first year's salary as an employee of the state.

The reasoning of the defendant as to this objection appeals to this court as reasonable and sound.

"As to this query we must be mindful that state employees operate under two chapters: 105a, passed in 1937, entitled 'Merit System for State Employees'; and 8a, of the 1939 Supplement, pertaining to retirement of state employees. Concededly, a state employee would generally be interested in both factors—employment and retirement.

"Since the benefits of retirement under Chapter 8a are based upon the state employee's record of employment, our lawmakers felt it necessary to provide that state employees who are veterans

should not receive retirement benefits for the period or periods of their war service unless they pay to the retirement fund a certain percentage of their salary for each year of such war service; in other words, if a veteran is to receive retirement bene-fits in addition to war service credit for his period or periods of war service, he must contribute to the retirement fund for each year of such war service.

"This is a reasonable statutory enactment and we cannot legally conclude that because there is a provision pertaining to contributions to the retirement fund—that such proviso nullifies the legislative command that not only state service, but war service, of a state employee must be included in determining the total of state service for such veteran.

"The provision requiring certain contributions for *each year* of such war service would be unnecessary if it were not conced-edly the law that such veteran's war service is recognized as state employment service. The contribution to the retirement fund is incidental to the war service credit allowed a state em-ployee. There would be no need for recognizing the require-ment of contributions to the retirement fund if we were not to concede that such veteran, by law, has his period of war service counted as state employment service.

"It is not reasonable to construe a law which seeks to protect the retirement benefits, under certain circumstances, of a state employee who rendered war service to his country, and on the other hand jeopardize his state employment record. The law did not intend to reward him upon retirement but punish him in the protection of his job by loss of seniority due to his war service.

"So, the employing authority, the Personnel Director and the defendant Personnel Appeal Board interpreted the law whereby such veteran would not only be rewarded in the event of retire-ment, but also that his status of seniority would be protected rather than injured by his war service."

Public Act No. 15 concerns "Layoff Procedure and Re-employment Lists." This act does not concern itself with re-tirements. It grants to the appointing authority the power to dismiss or lay off "because of lack of work, economy" a state employee but further provides that no employee "shall be dis-missed or laid off" in case "any other employee in the same classification performing comparable duties with less state serv-

ice is to be retained in the same department, agency or institution" and "The order in which names shall be placed on the reemployment list for any class shall be by seniority in the state service." It further provides for appeal to the personnel appeai board by any employee who has been demoted, suspended, fined or laid off or dismissed from the service.

It is obvious and clear that the legislature did not intend to grant the veterans retirement benefits without paying for them, as do all other state employees in the classified service. The legislature intended that returned veterans were not to lose the time they served in the armed forces in totaling their years of state employment. It was a fair and just act by a grateful people to those who went away to war in their defense. Veterans must, however, if they want retirement benefits for their period of war service, pay to the retirement fund for each year a sum equal to 4 per cent of their first year's salary as employees of the state. So we have the proviso in § 32a as to contributions to the retirement fund. The veterans are rewarded and credited with their war service and enabled to take advantage of the retirement benefits by meeting the requirements of § 32a. This seems clear from the statutes considered.

The action of the personnel appeal board was correct and is sustained. Judgment may enter for the defendant.