GENERAL TIRES, INC. *v*. UNITED AIRCRAFT CORPORATION

INGLIS, C. J., BALDWIN, WYNNE, DALY and BORDON, Js.

Argued January 4—decided January 27, 1956

*John D. Fassett,* with whom, on the brief, was *Frank E. Callahan,* for the appellant (defendant).

*Roslyn Z. P. Montlick,* for the appellee (plaintiff).

INGLIS, C. J. The question to be decided on this appeal is whether an employer is bound to withhold wages which become due to his employee to satisfy an execution levied thereon by one judgment creditor

when a portion of the wages has already been levied upon under a prior execution in favor of another judgment creditor.

The allegations in the complaint may be summarized as follows: The plaintiff had recovered judgment for $121.12 and costs in the City Court of New Haven against Angelo Calendro, and Calendro was directed to pay $2 each week on account of the judgment. He failed to comply with that order, and the plaintiff took out execution against his wages. The execution, which was served on the defendant, Calendro's employer, directed the defendant to withhold all wages which might become due to Calendro in excess of $25 per week. The defendant has refused to withhold any wages to apply on the execution.

In its answer, the defendant set up as a special defense that before the execution in favor of the plaintiff had been served, the defendant had been served with an execution directing it to withhold all of the wages of Calendro in excess of $25 per week until a judgment for $527.99 against him in favor of the Equitable Industrial Loan Society of New Haven had been satisfied. This execution had, however, been modified, by the court which had issued it, to the extent that it directed that "henceforth the sum of ten ($10.00) per week is to be withheld from the earnings of . . . Angelo [Calendro], until this execution is completely satisfied." The answer also stated that the defendant was still complying with the Equitable execution as modified.

A demurrer to the special defense was sustained on the ground that under a proper interpretation of the statute relating to executions on wages, it was the duty of the defendant to withhold, for application on the plaintiff's execution, all of Calendro's weekly

wages in excess of the $25 exempt from execution and the $10 directed to be withheld on account of the prior execution. The defendant then filed a pleading in which it admitted that "if the defense stated in its special defense is not a complete defense to this action, plaintiff is entitled to judgment." Thereupon judgment on the pleadings was rendered in favor of the plaintiff, and the defendant has appealed.

The statute which controls the decision of this case is § 8102 of the General Statutes as it has been modified by amendments which appear as §§ 2404c and 2405c of the Cumulative Supplement of 1953. This statute, first enacted in 1939, was designed to provide a method whereby a creditor could collect his claim from the wages of his debtor without pursuing the former procedure, so cumbersome and costly to the debtor, of making a large number of successive foreign attachments on the debtor's wages until enough had been caught on these foreign attachments to satisfy the claim. Cum. Sup. 1939, § 1414e. The statute is very lengthy and somewhat involved, but the provisions pertinent to the present case may be summarized as follows: When any person shall bring an action against another seeking satisfaction of his claim out of the other's wages, he shall make service on the other only. The court in rendering judgment in such an action may make reasonable orders as to the amount to be paid by the defendant, taking into consideration his circumstances. § 8102. "In the event that the defendant shall fail to obey any order made hereunder, and when any debt accruing by reason of personal services is due and owing to the judgment debtor, **or shall thereafter become due and owing to him to the amount of twenty-five dollars or more per week,** . . .

the judgment creditor may apply to the court in which judgment was recovered and the court, or any judge thereof, or justice of the peace shall issue . . . an order directing that an execution issue against such amount of such debt . . . as shall exceed twenty-five dollars per week, and on presentation of such execution by the officer to whom delivered for collection to the person . . . from whom such debt . . . is due and owing or shall thereafter become due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon such debt to the amount specified therein, until such execution and expenses shall be fully satisfied and paid, or until modified, as hereinafter provided . . . ." Cum. Sup. 1953, § 2404c. Then comes the provision upon which the defendant relies in this case. It reads as follows: "[B]ut only one execution against such debt due such judgment debtor shall be satisfied at one time, and when more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such executions are presented to the person . . . from whom such debt is due and owing." Ibid. There is one further provision of the statute which is relevant. It is a part of subsection (f) of § 8102 and reads: "Either party may apply at any time to the court, or judge or justice of the peace from whom such execution shall issue, upon such notice to the other party as such court, judge or justice of the peace shall direct, for a modification of such execution, and upon such hearing such court, judge or justice of the peace may make such modification of such execution as it shall deem reasonable."

The court in sustaining the demurrer concluded

that the prior levy of execution on Calendro's wages to the extent of $10 a week did not warrant the defendant's refusal to withhold any of the balance of Calendro's wages to apply on the plaintiff's execution. This conclusion is in direct conflict with the provision of the statute that "only one execution against such debt due such judgment debtor shall be satisfied at one time." That provision is plain. The language is unambiguous. Its unequivocal meaning is not subject to modification by way of construction. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773; *Swits* v. *Swits,* 81 Conn. 598, 599, 71 A. 782. In view of that provision, the defendant, under the circumstances alleged in the pleadings, could not legally have done otherwise than to refuse to withhold from the wages becoming due to Calendro any more than the $10 per week necessary to satisfy the execution in favor of the Equitable Industrial Loan Society. Accordingly, the special defense was a good defense to the plaintiff's alleged cause of action.

Although the provision of the statute that only one execution against wages is to be satisfied at a time is unequivocal and not subject to modification by interpretation, we should examine the reasons given by the court in its memorandum of decision for arriving at the contrary conclusion. They are two in number. In the first place, the court reasoned that the statute as a whole contemplated that all wages of a judgment debtor in excess of the $25 weekly exemption should be held to satisfy executions against him and that, therefore, if by reason of a modification of the first execution something less than the excess of his weekly wage over the $25 exemption was being withheld to satisfy the first execution, the balance of that excess should be held to satisfy a subsequent execution.

This reasoning is based on a misapprehension of the intendment of the statute. Subsection (f), quoted above, authorizes the court ordering an execution on wages to modify its order "as it shall deem reasonable." Obviously, the purpose of this provision is to permit an order that more than $25 per week be paid to the debtor if he requires it for the support of himself and his family or for any other proper purpose. Consequently, it is not true that the statute as a whole contemplates that the debtor shall not receive more than $25 per week. The effect of the order that only $10 per week be withheld to satisfy the judgment in favor of the Equitable Industrial Loan Society was to increase Calendro's weekly exemption from $25 to the amount of all of the wages he earned each week except for $10.

In the second place, the court reasoned that if a first execution, on a limited amount of a debtor's wages, could forestall the enforcement of any subsequent execution, it would be possible for a debtor, by acting in collusion with one of his creditors, to arrange that the creditor take out an execution limited to a very small sum weekly. He could thereby work a great injustice on his other creditors by delaying them almost indefinitely while he continued to collect most of his weekly wages. There is not much force to this argument because it requires an order of court to limit the effect of an execution to a very small weekly sum, and such an order is not likely to issue except for good cause. If it be true, however, that the statute in its present form is apt to work an injustice, that is something for the legislature to cure. It does not require modification of the terms of the statute by the courts for the sake of accomplishing what might appear to be justice.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer and then to proceed according to law.

In this opinion the other judges concurred.