STATE OF CONNECTICUT *v.* ANASTASIA SIMMONS
[AUGUSTUS J. SIMMONS ET AL., EXECUTORS (ESTATE
OF ANASTASIA SIMMONS), ET AL., SUBSTITUTED
DEFENDANTS]

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 11—decided October 25, 1967

*Frederick D. Neusner,* assistant attorney general, with whom were *Neal H. Jordan,* assistant attorney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellant (state).

*Thomas P. Byrne,* for the appellees (defendants).

HOUSE, J. This case arose from the efforts of the Connecticut aeronautics commission to take by eminent domain, pursuant to § 15-79 of the General Statutes, certain property of the defendants in the town of East Granby for the purpose of expanding and improving Bradley International Airport. On an earlier appeal in *State* v. *Simmons,* 153 Conn. 351, 216 A.2d 632, we found error in the first trial of the case, set aside the judgment and ordered a new trial. Pending a new trial, the defendants, with the permission of the court, filed an additional special defense claiming that the aeronautics commission had no authority under § 15-79 to take the property of the defendants because approval of the taking had not been obtained from the town of East Granby. The trial court found for the defendants solely on the basis of this special defense, and, because the commission had not obtained the approval of the town of East Granby for the taking, the court rendered judgment for the defendants. Accordingly, the sole issue on this appeal is whether the trial court correctly interpreted § 15-79 of the General Statutes to require that, before acquiring property by condemnation for the expansion or

improvement of a state airport, the aeronautics commission must obtain the approval of the municipality in which the property is situated.

The relevant portion of § 15-79 provides as follows: "The state or any municipality, or any two or more municipalities jointly, may establish, maintain and operate an airport at any location within the state approved by the commission and by the municipality or municipalities within which such airport is to be established, and, where such airport is established by a municipality or two or more municipalities jointly, such airport shall also have been approved by such municipality or municipalities in the following manner: Towns, by vote of the town; cities, by vote of the city council; and boroughs, by vote of the borough; and may take any such land or interest therein for such establishment or for the expansion or improvement of an airport when, in the opinion of the commission, public convenience or safety requires, and when the approval of the municipality or municipalities in which such land is located has been legally obtained, upon paying just compensation to the owner of such land or interest therein."

When, as required by § 1-1 of the General Statutes, § 15-79 is read "according to the commonly approved usage of the language," we find no ambiguity or uncertainty in the statute. Where the language of a statute is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525; 2 Sutherland, Statutory Construction (3d Ed.) § 4502. "Its unequivocal meaning is not subject to modification by way of construction. *State ex rel. Rourke* v. *Barbieri,* 139

Conn. 203, 207, 91 A.2d 773; *Swits* v. *Swits,* 81 Conn. 598, 599, 71 A. 782." *General Tires, Inc.* v. *United Aircraft Corporation,* 143 Conn. 191, 195, 120 A.2d 426.

In view of the express language of the statute, we find no merit in the contention of the state that approval of the municipality in which the subject land is located is required only when another municipality seeks to acquire land for an airport by the exercise of rights of eminent domain. Clearly the subject of the words "and may take" at the beginning of the second major clause of the statute is not restricted to a municipality or municipalities but is found in the first words of the enactment, i.e., "[t]he state or any municipality, or any two or more municipalities jointly." Hence the statutory condition of prior approval by the municipality in which the property is situated applies not only to a taking for airport purposes by a municipality but also to such a taking by the state or an agency of the state to which it has delegated the exercise of its sovereign power of eminent domain.

Nor do we agree with the state's contention that the condition precedent of municipal approval contained in the statute means "the complete negation of the inherent powers of eminent domain exercised by the State through its Aeronautics Commission in the interest of the statewide public welfare." As we stated in *Hiland* v. *Ives,* 154 Conn. 683, 694, 228 A.2d 502, "[a]lthough the state cannot destroy or permanently surrender its sovereign power of condemnation, it may, in any given situation, for the time being at least, condition, as it pleases, its exercise of that power." The grant of the power to exercise the right of eminent domain and the extent of the power granted is limited by the express terms

or clear implications of the statute authorizing its exercise. *Connecticut Light & Power Co.* v. *Bennett,* 107 Conn. 587, 593, 141 A. 654; *Waterbury* v. *Platt Bros. & Co.,* 75 Conn. 387, 392, 53 A. 958; see also *Gohld Realty Co.* v. *Hartford,* 141 Conn. 135, 148, 104 A.2d 365. By express provision in § 15-79 of the General Statutes, the General Assembly saw fit to condition the exercise of the eminent domain powers delegated to the aeronautics commission upon approval of the municipality in which is situated any property which the commission seeks to acquire by condemnation. The wisdom of the imposition by the General Assembly of such a condition is not subject to judicial review, and, the commission having admittedly failed to comply with the condition, the trial court properly rendered judgment for the defendants.

There is no error.

In this opinion the other judges concurred.