## TORRINGTON WATER COMPANY *v.* BOARD OF TAX REVIEW OF THE TOWN OF GOSHEN

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued March 5—decision released April 8, 1975

*John W. Pickard,* with whom, on the brief, was *Jess H. Smith,* for the appellant (defendant).

*David J. Frauenhofer,* with whom, on the brief, were *Thomas F. Wall, Jr.,* and *Robert A. Wall, Jr.,* for the appellee (plaintiff).

HOUSE, C. J. This appeal presents a narrow issue of statutory interpretation. The parties stipulated to the material facts. The plaintiff is a privately owned corporation which, as of October 1, 1972, and 1973, owned 3539 acres of watershed land in Goshen. Pursuant to the provisions of § 12-107d of the General Statutes, the plaintiff filed with the board of assessors in Goshen on a form prescribed by the state tax commissioner an application for a classification of that land as forest land on the assessment lists for those two years. It also furnished to the assessors a certificate issued by the state forester designating the land as forest land as provided by § 12-107d, together with all information necessary to determine whether the land qualified for that classification. The fair market value of the land, if assessed as forest land, would be $25 per acre. The assessors, nevertheless, assessed the

land at $250 per acre as improved farm land. Within the time prescribed, the plaintiff made proper application to the Goshen board of tax review which made no change in the classification. The plaintiff thereupon appealed to the Court of Common Pleas. That court found the issues for the plaintiff, found that the land should be classified as forest land assessed at a value of $25 per acre, and directed that the board of assessors correct the assessment accordingly. On the appeal to this court, the defendant claims that the court erred in sustaining the plaintiff's appeal, in holding that § 12-107d (c) of the General Statutes made it mandatory for the board of tax review to assess the land as forest land after the state forester had designated it as such, and in refusing to hold that § 12-80 of the General Statutes required the board to assess the land at its fair market value.

The relevant statutes are too long to justify reprinting them here. Section 12-80 provides that real property owned by any company employed in the manufacture, transmission or distribution of gas or electricity or both to be used for light, heat or motive power or in the operation of a system of waterworks for selling or distributing water or both for domestic or power purposes shall be assessed in the town where located and be liable to taxation at the uniform percentage of fair market value determined by the assessors. This statute is one of long standing.

Section 12-107d was adopted as § 4 of the 1963 Public Acts, No. 490, which was entitled "An Act Concerning the Taxation and Preservation of Farm, Forest and Open Space Land." Section 1 (now General Statutes § 12-107a) declared that it is in the

public interest to preserve farm, forest and open space lands and prevent their forced conversion to more intensive uses by the assessment for property taxation at values incompatible with their preservation as such lands. The statute (§ 12-107d) then provides that "[a]n owner of land" may apply to the state forester for designation by him of land as forest land and upon such designation may apply for its classification as such on the tax assessment list and the assessor "shall classify such land as forest land and include it as such on such assessment list."

As we observed in *Johnson* v. *Board of Tax Review,* 160 Conn. 71, 73, 273 A.2d 706: "It is thus clear that §§ 12-107a—12-107e, as derived from Public Act 490, are as much conservation statutes as they are tax relief measures. The declaration of policy in § 12-107a recites, inter alia, that it is in the public interest 'to conserve the state's natural resources.' Indeed, it would appear that the purpose of the tax relief is to aid the conservation effort."

It is a cardinal rule of statutory interpretation that " '[w]here the language of a statute is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525; 2 Sutherland, Statutory Construction (3d Ed.) § 4502. "Its unequivocal meaning is not subject to modification by way of construction. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773; *Swits* v. *Swits,* 81 Conn. 598, 599, 71 A. 782." *General Tires, Inc.* v. *United Aircraft Corporation,* 143 Conn. 191, 195, 120 A.2d 426.' *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835." *Meriden* v. *Board of Tax Review,*

161 Conn. 396, 402, 288 A.2d 435. In the absence of special circumstances, the words of a statute are to be accorded their common meaning. General Statutes § 1-1; *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 474, 217 A.2d 698.

The defendant's reliance on the decision of this court in *Meriden* v. *Board of Tax Review,* supra, is misplaced. We there held that § 12-107d is not applicable to land owned for water supply purposes by one municipality located within the bounds of another municipality and that pursuant to the provisions of § 12-76 of the General Statutes such land may be liable to taxation in the municipality where the land is situated. We there (p. 403) indicated that the legislative history and plain language of § 12-76 "make it clear that it was the intention of the legislature to exempt from taxation land owned or taken for water-supply purposes by a municipality in the town where the land is situated, provided that town's inhabitants are given the use, and actually use, the water supply, on the same terms as the inhabitants of the town which owns the land." The difference between that situation and the one now before us lies in the fact that what is now § 12-76 was adopted as a section (§ 10) of the same 1963 Public Acts, No. 490, which adopted what is now § 12-107d and was applicable only to water supply lands owned by municipalities. Public Act. No. 490 contained no such specific reference to privately owned water-supply lands and is the latest specific legislation on the subject of taxation of forest lands, adopted long after § 12-80 was enacted. Had the General Assembly intended to exclude privately owned water supply lands from the operation of § 12-107d it could easily have done so.

We find no ambiguity in the provisions of § 12-107d and even if we did, "[w]hen a taxing statute is being considered, ambiguities are resolved in favor of the taxpayer." *Security Mills, Inc.* v. *Norwich,* 145 Conn. 375, 377, 143 A.2d 451; *Low Stamford Corporation* v. *Stamford,* 164 Conn. 178, 182, 319 A.2d 369.

We find no error in the judgment of the Court of Common Pleas directing the assessors and board of tax review to correct the assessment against the plaintiff and to reclassify the subject land as forest land valued at $25 per acre or a total value of $88,475 and an assessed value of 65 percent thereof.

There is no error.

In this opinion the other judges concurred.