STATE OF CONNECTICUT *v.* MAUREEN BLANCHARD

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 17-23206

Argued April 6—decided May 8, 1970

*Howard R. Steeg,* of Bristol, for the appellant (defendant).

*John S. Papa, Jr.,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J.  The defendant, having been tried and convicted by a jury of the crime of operating a vehicle while under the influence of a drug (General Statutes § 14-227a), has appealed, assigning error in the denial of her motion to suppress a toxicological report, in a ruling on evidence, in the court's charge to the jury, and in the refusal of the court to set aside the verdict.

There was evidence from which the jury could reasonably find that the defendant, on July 12, 1969, was involved in a one-car accident when the car she was operating left the highway and traveled down a bank, finally coming to rest partially in a brook.  Prior to the accident a policeman in a patrol car had, while approaching the defendant's car, observed her erratic operation, and he arrived at the scene within minutes after the accident and arrested her for failure to drive in the right-hand lane.  The arresting officer asked her if she had been drinking, and she answered, "No."  "I asked her if there was any other problem and she stated, yes, she was under the influence of a drug she had taken and that she didn't want to be stopped because she

was late for work." Thereafter, she was taken to the police station and, having been warned of her rights, was given a sobriety test. She was unable to walk properly and had to be assisted both in going in and in leaving the station. She appeared ill and dazed, and her head kept falling from side to side. She thought it was Sunday when actually it was Saturday. As a result, she was asked if a specimen of blood might be extracted from her body and she agreed upon the condition that it be done by her doctor. The defendant was a registered nurse. She was taken to the Bristol hospital and there a sample of her blood was obtained by Dr. David D. Hershey, a friend of the defendant. The blood specimen was forwarded to Dr. Abraham Stolman, the state toxicologist, and the sample, upon being analyzed, revealed 0.74 milligrams barbiturate per 100 milliliters. A barbiturate is commonly known as a sleeping pill. Such a concentrate affects an individual to such a degree that he is dazed and ready to go into a condition of sleep. A slightly higher degree of concentration would result in a coma or unconsciousness. The concentrate of drug found in the defendant's blood would result in lack of coordination and render her on the verge of sleep, and she would be incapable of operating a motor vehicle and hardly in a condition to walk.

The principal thrust of the defendant's assignment of errors focuses on the construction and application of § 14-227a. In a preliminary hearing on the defendant's motion to suppress certain evidence (*Adorno, J.*), it appears that the motion was denied. At the time of trial and in the absence of the jury, the defendant again moved to suppress and again was unsuccessful. The defendant contends that the statute in all respects is applicable in a charge of operating under the influence of a drug, and she argues that, unless all of the requirements provided

therein are satisfied, the result of a chemical test indicating the amount of drugs in her blood is not admissible.

Section 14-227a is entitled: "Operation while intoxicated. Chemical tests." Subsection (a) provided that operation of a motor vehicle upon a public highway, and other described roads, while under the influence of intoxicating liquor or any drug is forbidden. Subsection (b) provided in part as follows: "(b) In any criminal prosecution for a violation of subsection (a) of this section, evidence respecting the amount of *alcohol* in the defendant's blood [italics supplied] at the time of the alleged offense, as shown by a chemical analysis of the defendant's breath or blood, shall be admissible and competent provided" six conditions are met as conditions precedent to the admission of such evidence. The defendant contends that such conditions precedent must first be established in a prosecution for operation while under the influence of a drug before the state can offer evidence of the quantity of the drug alleged to have been contained in the defendant's blood. If this be so, error was committed in overruling the defendant's objection and allowing the report of the state toxicologist on this subject to be received in evidence. No foundation had been laid at that point satisfying any of the conditions precedent. It perhaps should be noted that an alcoholic blood analysis was also made, and it proved to be negative; in this respect the conditions precedent set forth in § 14-227a (b) were satisfied.

It is readily apparent, however, that the requirements set forth in subsection (b) come into operation solely when the prosecution is predicated on a violation relating to the amount of alcohol claimed to be contained in an accused's blood. This is so because subsection (b) specifically refers to "alcohol in the defendant's blood," and makes no refer-

ence to drugs. Such a construction is further supported by the provision of subsection (c) that evidence admitted under subsection (b) shall have certain prima facie force and effect depending upon the amount of *"alcohol, by weight,* in the defendant's blood [italics supplied]." A statute is construed as a whole to reconcile all parts as far as possible. *McAdams* v. *Barbieri,* 143 Conn. 405, 418. Moreover, the intent of the legislature as expressed in the statute must control. *Rivera* v. *I. S. Spencer's Sons, Inc.,* 154 Conn. 162, 166. This being so, the state was not required to satisfy the conditions precedent in this matter. The court's ruling on the motion to suppress was proper.

As a further extension of the motion to suppress, error is claimed in the court's admitting the results of the blood analysis in evidence over her objection without there first being shown that the defendant had been placed under arrest prior to the request for a blood sample. An error claimed on the admission or rejection of evidence must be accompanied by an annexed exhibit setting forth the question, objection, answer, if any, and exception. Practice Book § 989 (4). The defendant has failed to comply with this requirement; however, we will consider the defendant's claim. The defendant's reasoning is apparently predicated upon the provisions of § 14-227b, which is entitled "Implied consent to test." This section, in part, provides that any person, "having been placed under arrest for operating a motor vehicle under the influence of *intoxicating liquor* [italics supplied] and thereafter . . . having been requested to submit to" a breath or blood test may under certain conditions be penalized by suspension or revocation of license. The expressed intent of this section is to limit its application solely to a person arrested for operating a motor vehicle while under the influence of intoxicat-

ing liquor. Since the defendant was charged with operating while under the influence of a drug, it becomes unnecessary to determine the time of the arrest in relation to the request for a sample of blood. Furthermore, § 14-227a (a), the prohibitory section, does not require an arrest prior to request. In addition, the defendant admitted that the blood sample was obtained with her consent. See La-Plante, "Alcohol testing: Some Recent Decisions Dealing with Implied Consent Statutes," 39 Conn. B.J. 72, 74. The ruling of the court was correct.

The next assignment of error relates to the charge to the jury. No requests to charge were made by the defendant. The record is deficient in that there was no finding, and hence there was no disclosure of exceptions to the charge as well as no claims of proof as required by § 999 of the Practice Book. *State* v. *Criscuolo,* 159 Conn. 175, 176. Under these circumstances we are unable to review this assignment of error. See Practice Book, Forms 819 (C), 820, for forms for the assignment of errors and draft finding in a jury case.

Finally, the defendant assigns error in the denial of her motion to set aside the verdict on the ground that it was against the evidence and contrary to law. We have heretofore reviewed the issues of law raised by the defendant and found no error. Since the factual issues must be determined by the jury, we decide whether the evidence appearing in the transcript was sufficient beyond a reasonable doubt to sustain the conviction or whether the verdict was based on speculation and conjecture. It sufficiently appears from the recital of facts above that the court did not err in denying the motion.

There is no error.

In this opinion KINMONTH and DiCENZO, Js., concurred.