STATE OF CONNECTICUT *v.* FRANK SPRINGER ET AL.

KING, MURPHY, SHEA, ALCORN and HOUSE, Js.

 

Argued January 2—decided February 6, 1962

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,*

state's attorney, and *J. Read Murphy,* assistant state's attorney, for the appellant (state).

*James D. Cosgrove,* public defender, for the appellee (defendant Leighton).

*David D. Berdon,* for the appellee (defendant Springer).

ALCORN, J. On May 7, 1959, the defendants, Frank Springer and Andrew J. Leighton, Jr., who were then confined in the state prison at Wethersfield, were arrested on a bench warrant which was issued on that day by the Superior Court at the request of the state's attorney for Hartford County based on an information charging the defendants and others with conspiracy to convey narcotics, barbiturates and intoxicating liquors into the prison. The specific allegations of the two counts of conspiracy and other counts not involving the defendants are immaterial. On May 22, 1959, the defendants wrote identical letters, addressed to the state's attorney for Hartford County, in which they requested trial at the earliest possible date. The letters were delivered on May 22, 1959, to the warden of the prison. On May 25, 1959, he forwarded them, along with his own certificates, to the state's attorney by registered or certified mail, return receipt requested. The state's attorney received the letters and the warden's certificates on May 26, 1959. The defendants were brought to the Superior Court at Hartford on September 23, 1959, for the purpose of being put to plea and tried. Each defendant filed a motion to dismiss the information on the ground that he had not, in accordance with General Statutes §§ 54-139 and 54-140, been brought to

trial within 120 days after he caused a written request for final disposition of his case to be delivered.[1] An amendment to § 54-139 by Public Acts 1961, No. 465, does not affect the present question. The court granted both motions and rendered judgment dismissing the information as to the defendants. The state, with the permission of the court, has appealed.

The only question presented is the date from which the 120 days begins to run. The state claims that the beginning date was the date on which the

[1] "Sec. 54-139. DISPOSITION OF PENDING INDICTMENT OR INFORMATION AGAINST PRISONER. (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the prosecuting official of the county in which the indictment or information is pending and the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information, provided, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden, sheriff or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. (b) The written notice and request for final disposition referred to in subsection (a) hereof shall be given or sent by the prisoner to the warden, sheriff or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested. . . . [before amendment by Public Acts 1961, No. 465].

"Sec. 54-140. TERMINATION OF JURISDICTION ON EXPIRATION OF ALLOTTED PERIOD. If the action is not assigned for trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

notice came into the possession of the state's attorney. The defendants claim that the period started with the prisoners' delivery of the requests for trial to the warden of the prison. No claim is made that the notice is insufficient by reason of the fact that no attempt was made to give it also to the court. We consider, therefore, only the requirement relating to delivery to the state's attorney.

The answer to the question involves the meaning of the words "has caused to be delivered" as used in § 54-139. This, in turn, necessitates a consideration of the entire enactment. *McAdams* v. *Barbieri,* 143 Conn. 405, 418, 123 A.2d 182. Where the language is plain and unambiguous, as in this case, the intent of a statute is to be determined from its language. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. In such a case, the enactment speaks for itself and there is no occasion to construe it. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420. The words used in expressing the legislative intent are to be given their commonly approved meaning. General Statutes § 1-1; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 522, 134 A.2d 351; *Spellacy* v. *American Life Ins. Assn.,* 144 Conn. 346, 354, 131 A.2d 834. It must also be presumed that the General Assembly had a purpose for every sentence, clause or phrase in the statute. *McAdams* v. *Barbieri,* supra, 419.

With these principles in mind, we turn to § 54-139 and find, significantly, that the portion of it which is pertinent to the present question is divided into subsections (a) and (b). Under subsection (a), the prisoner is to be brought to trial within 120 days "after he has caused to be delivered, to the prosecut-

ing official of the county in which the indictment or information is pending and the appropriate court," written notice of the place of his imprisonment and his request for final disposition of his case. The certificate of the official who has the prisoner in custody must accompany the prisoner's request and must recite specified information relative to his confinement. Subsection (b) then specifies how the delivery is to be made, namely, by the prisoner's giving or sending his written notice and request to the warden or other official having custody of him, "who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." Thus, the statute does not contemplate a request for a disposition of the case sent directly by the prisoner to the prosecuting official and the court, but rather a request delivered in a particular way through the medium of the custodial official and accompanied by a certificate to be supplied by him after his receipt of the request. The prisoner's part in the proceeding is only to "cause" his request "to be delivered" in the manner particularized in the statute.

Under § 54-139, the act required to be done in order to start the running of the period of 120 days is the delivery of the prisoner's request, accompanied by his custodian's certificate, to the prosecuting official of the county and the appropriate court. Obviously, a prisoner confined in a penal or correctional institution could not be required to make personal delivery. The General Assembly has therefore provided that the prisoner initiate the request for a trial, has required further that his custodian supply information concerning the prisoner's confinement to the prosecuting official and the court,

and has then prescribed the procedure to effect the actual delivery of both. It is the completed delivery of both the request and the supplemental information which starts the running of the period of 120 days within which the prisoner must be brought to trial. Subsection (b) makes this clear in that the prisoner's written notice and request is required only to be "given or sent" to the custodial official, but the latter's transmittal must be "by registered or certified mail, return receipt requested." The return receipt furnishes ample means of fixing the date from which the 120 days is to be computed. No provision is made, however, for fixing the date on which the notice and request is "given or sent" by the prisoner to his custodian. The phrase "has caused to be delivered" is the equivalent of "has delivered."

The defendants suggest that to give this meaning to the statute permits the prisoner to be prejudiced should his custodian hold the notice and request unduly before transmitting it. This concern is more imaginary than real. The statute requires that the custodian "promptly forward" the notice and request with his certificate. A writ of mandamus would compel compliance with that requirement. *State ex rel. Lacerenza* v. *Osborn,* 133 Conn. 530, 534, 52 A.2d 747.

The defendants were presented for trial within 120 days after the delivery to the state's attorney of their requests for a trial. *Austin, Nichols & Co., Inc.* v. *Gilman,* 100 Conn. 81, 84, 123 A. 32. Consequently, the court should have denied the motions to dismiss the information.

The fact that the notices involved here were delivered to the state's attorney but not to the court has repeatedly been alluded to. It was suggested

in argument that it is the practice to treat such a notice as a valid notice under the statute. This impels us to observe that no practice, however uniform and extensive it may be, can control the explicit provisions of a statute. *Linsley* v. *Brown,* 13 Conn. 192, 200.

There is error, the judgment dismissing the information as to the defendants is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.