STATE OF CONNECTICUT *v.* ALLEN N. BEST

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 1—decision released August 31, 1976

*Martin B. Burke,* special public defender, with whom, on the brief, was *Leo B. Flaherty, Jr.,* special public defender, for the appellant (defendant).

*Donald B. Caldwell,* state's attorney, with whom, on the brief, was *Abbot B. Schwebel,* assistant state's attorney, for the appellee (state).

LONGO, J. The defendant in this case appeals from the judgment rendered against him in the Superior Court pursuant to a twelve-count felony information filed against him on June 23, 1972, by the state's attorney for Tolland County.

The sequence of events upon which this appeal is based began on August 2, 1972, when the defendant, who was then incarcerated at the Connecticut correctional institution, Somers, filed with the warden of the Somers facility notice of his place of imprisonment and a request for final disposition of the information filed against him, as allowed by § 54-139.[1] The warden forwarded the notice and

---

[1] "[General Statutes] Sec. 54-139. DISPOSITION OF PENDING INDICTMENT OR INFORMATION AGAINST PRISONER. (a) Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney of the county or judicial district, or the prosecuting

other information required by § 54-139 to the state's attorney and to the Superior Court in Tolland County on August 10. The Superior Court received the information on August 11, and notice was received by the state's attorney on August 15.

Three other cases arose from the incident with which the defendant was charged. Between July 10, 1972, and November 2, 1972, the defendant filed numerous motions, including a motion for a separate trial, which was denied by the court. On December 5, the defendant was brought into court where he pleaded not guilty to all counts of the information and elected trial by a jury of twelve. The court continued the matter until December 12. On December 12, though the defendant had not been brought to the court, his case was continued until January 3, 1973, over the objection of his counsel. On December 27, 1972, the defendant filed a motion that the charges against him be dismissed, pursuant to the provisions of General Statutes §§ 54-139 and 54-140. Section 54-140 provides that if an action is not assigned for trial in accordance with the provisions of § 54-139, "no court of this state shall any longer have jurisdiction thereof" and "the court shall enter an order dismissing the

---

attorney of the court of common pleas assigned to the area, in which the indictment or information is pending and the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information, provided, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. . . ."

"[General Statutes] Sec. 54-140. TERMINATION OF JURISDICTION ON EXPIRATION OF ALLOTED PERIOD. If the action is not assigned for trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

same." The motion was denied by the court on January 3, 1973. The defendant was tried with two others. His trial ultimately commenced on January 3, 1973, and ended, after consuming sixteen trial days, on February 8, 1973, with a verdict of guilty on three counts of assault in the first degree and six counts of assault in the second degree.

After judgment, the defendant filed on September 13, 1974, another motion to dismiss based on the same ground as his December 27, 1972, motion to dismiss, pursuant to § 54-140 of the General Statutes. The court denied this motion on December 3, 1974, and this appeal was taken.

The defendant assigns as error many of the trial court's findings of fact and law, all of which raise the question whether the defendant's motion to dismiss pursuant to § 54-140 was properly denied by the trial court. Ordinarily, the denial of a motion to dismiss a criminal information may not be assigned as error. *State* v. *Peay,* 165 Conn. 374, 375, 335 A.2d 296; *State* v. *Anderson,* 152 Conn. 196, 198, 205 A.2d 488; Maltbie, Conn. App. Proc. § 212. The defendant's motions, however, although entitled motions to dismiss, were in effect pleas to the jurisdiction expressly predicated on the provisions of General Statutes § 54-140 that under certain circumstances no court shall have jurisdiction of a criminal case and the court shall enter an order of dismissal. "Lack of jurisdiction . . . may be raised at any time and not necessarily through the formality of a motion to erase, for the question, once raised, must be disposed of no matter in what form it is presented. *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67. 'If the trial court lacks jurisdiction the supreme court is without jurisdic-

tion . . . .' Maltbie, Conn. App. Proc. § 273." *Carten* v. *Carten*, 153 Conn. 603, 610, 219 A.2d 711. "[O]nce the question of lack of jurisdiction is raised it must be disposed of regardless of the form of the motion." *East Side Civic Assn.* v. *Planning & Zoning Commission*, 161 Conn. 558, 560, 290 A.2d 348.

The defendant's initial contention is that the 120-day period within which §§ 54-139 and 54-140 require that he be brought to trial began to run on August 11, 1972, the day on which the Superior Court received his notice of the place of his imprisonment and his request for final disposition of his case from the warden. The state responds, and it is not disputed, that the state's attorney did not receive the notice and request until August 15 and that the 120-day period could not commence until both the court and the prosecuting official had been notified. The defendant's claim is disposed of by the explicit language of § 54-139 and our prior decisions. Section 54-139 states, in part, that the prisoner "shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney . . . and the appropriate court, written notice of the place of his imprisonment and his request for final disposition." The statute clearly contemplates delivery to the state's attorney and the court before the 120-day period will begin to run. Further, in *State* v. *Springer,* 149 Conn. 244, 249, 178 A.2d 525, we declared: "Under § 54-139, the act required to be done in order to start the running of the period of 120 days is the delivery of the prisoner's request . . . to the prosecuting official of the county and the appropriate court." Though *Springer* was a case in which notice had not been given to the court, we strongly indicated

that notice to both prosecutor and court was necessary to commence the running of the 120-day period. *State* v. *Springer,* supra, 250–51.

The defendant next contends that he was not "brought to trial" within 120 days as required by § 54-139 and that the continuance granted on December 12, 119 days after delivery of his request for final disposition of his case, was not granted for good cause shown. Section 54-139 requires that the prisoner be brought to trial within 120 days, but explicitly excludes situations in which, "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." We, therefore, need not pass on the statutory meaning of "brought to trial" if we find that a reasonable or necessary continuance was granted for good cause shown. We so find.

Several reasons prompted the court to grant the state's motion for a continuance on December 12, among which was the pending decision on the undecided motions for change of venue filed in the three companion cases to be tried jointly with the defendant's case. When reviewing the grant or denial of a motion for a continuance this court will only find error if a clear abuse of the trial court's discretion is shown. *Rusch* v. *Cox,* 130 Conn. 26, 32, 31 A.2d 457; *State* v. *McLaughlin,* 126 Conn. 257, 260, 10 A.2d 758; *Allen* v. *Chase,* 81 Conn. 474, 477, 71 A. 367. We are aware that the facts which led the court to grant the continuance were beyond the defendant's control and we are further conscious that the defendant seeks to invoke a statute the purpose of which is to expedite the final disposition

of criminal matters. We may not overlook, however, the express terms of the statute which provide for the granting of a continuance for "good cause shown." The several grounds upon which the continuance was granted combine to make a finding of good cause proper. The trial court did not abuse its discretion.

There is no error.

In this opinion the other judges concurred.