Opinion
 

 HASTINGS, J.
 

 The petitioner herein seeks a writ of mandamus compelling respondent court to dismiss a pending indictment because the matter was not brought to trial within the time periods specified in section 1382 of the Penal Code.
 

 The procedural facts are these: Petitioner and a codefendant were indicted on December 11, 1975, on eight counts of grand theft (Pen. Code, § 487, subd. 1) and nine counts of violating section 29100 of the Corporations Code (’’bucketing”). Trial was first scheduled for April 29, 1976. A continuance was sought by both the People and the codefendant,
 
 *954
 
 the former because one of their witnesses was ill, the latter due to a need for further preparation. Trial was continued to July 13, 1976.
 
 [1]
 

 On June 16, 1976, respondent granted petitioner’s
 
 motion to
 
 dismiss the Corporations Code, section 29100 counts.
 
 [2]
 
 On July 2, 1976, petitioner requested a continuance of the July 13th trial date to enable him to seek appellate review of respondent’s rulings on various pretrial motions. Trial was rescheduled for October 13, 1976, petitioner waiving his right to be tried sooner and being advised that he had a right to be tried on October 13th or within 10 days thereafter. Deputy District Attorney Chan participated in the July 2 hearing and in the decision to continue trial to October 13th.
 

 On October 7, 1976, the People noticed a motion to continue the October 13th trial date.
 
 [3]
 
 The motion was supported by the declaration of Deputy District Attorney Chan wherein he declared that he was engaged in the jury trial of a matter entitled People v. Yarbrow which had commenced September 13, 1976, and which he estimated would last six to eight weeks. He asserted that no other deputy district attorney had been involved in the investigation of petitioner’s case, nor was any other deputy district attorney familiar with the facts and circumstances surrounding petitioner’s case. A short continuance was requested.
 

 At the hearing held October 13, 1976, on the motion to continue Chan estimated that his case in chief in the Yarbrow trial would take two to two and one-half more weeks and that the defense in that trial would take approximately one week. Respondent questioned Chan as to why he had scheduled the Yarbrow trial when he did knowing of the October 13th trial date in petitioner’s case. Chan informed the court that the Yarbrow trial date had been selected in March or April. Respondent then inquired why the October 13th date had been selected for petitioner’s trial when Chan knew of the pendency of the Yarbrow trial. Chan stated that petitioner would not waive time and that October 13th was the most convenient date. Counsel for petitioner pointed out that petitioner had in
 
 fact
 
 waived time until October 13th.
 
 ¡
 

 
 *955
 
 Respondent asked Chan when he would be able to start trial. The prosecutor informed the court that he had another trial scheduled for October 25, 1976, and one scheduled for November 1, 1976, in a matter which had been pending longer than petitioner’s case. Petitioner objected to any further continuance. Counsel for petitioner’s codefendant indicated that he was not ready to proceed to trial as his client was ill. Respondent set the matter for trial on October 28, 1976, proceeding on the assumption that the Yarbrow trial would conclude by October 27th.
 
 [4]
 

 On October 21, 1976, the People noticed another motion for a continuance,
 
 [5]
 
 supported by a declaration by Chan virtually identical to the earlier one. Formal opposition to the motion was filed by petitioner. A hearing on the motion was had on October 28, 1976, before a new judge. At that time Chan gave a revised estimate of two to four more weeks in the Yarbrow matter. He stressed that the case, pending against petitioner was complicated and that he was the only deputy district attorney who was prepared to try it.
 
 [6]
 
 He stated that he would need at least a week after the conclusion of the Yarbrow trial to prepare for trial of this case and requested a continuance of at least six weeks.
 

 Petitioner strongly opposed a further continuance. Respondent suggested postponing the trial for one month. Counsel for the codefendant indicated that the codefendant was due to make an appearance in Texas on December 6th, that if trial in the instant matter were to commence as scheduled on October 28th, he estimated that it would conclude sufficiently soon to allow the codefendant to make his Texas appearance in December, but that if the People’s request for continuance was going to be granted that trial in the within matter be set for January 11, 1977. Petitioner again objected. Respondent set the matter for trial on January 11, 1977, and advised the prosecutor that if he was not going to be available to try it then, to get some one else to do so.
 

 On December 17, 1976, petitioner moved to dismiss pursuant to section 1382 of the Penal Code. The motion was resisted by the People,
 
 *956
 
 in the person of Deputy District Attorney Pachtman, who informed respondent that Chan was at that time engaged in arguing the Yarbrow matter. The motion to dismiss was denied on the ground that respondent had found on October 28th that good cause for a continuance existed. The within petition to this court followed.
 
 [7]
 

 Petitioner contends that he has been denied his constitutional and statutory rights to a speedy trial. Real Party contends that the prosecutor’s engagement in another matter constituted good cause for granting a continuance. The issue is thus joined.
 

 Section 1382 of the Penal Code provides in pertinent part: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . .. [¶ When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment . .. except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with his consent, express or implied, .. . and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.”
 

 Section 1382 has been regarded as “a legislative determination that a trial delayed more than 60 days is prima facie in violation of a defendant’s constitutional right.” (Fn. omitted.)
 
 (Sykes
 
 v.
 
 Superior Court, 9
 
 Cal.3d 83, 89 [106 Cal.Rptr. 786, 507 P.2d 90].) Dismissal is mandatory under the statute if the motion to dismiss is made after the 60-day period has elapsed and good cause for delay is not shown by the prosecution. The defendant need not show that he has been prejudiced by the delay.
 
 (Sykes
 
 v.
 
 Superior Court, supra; People
 
 v.
 
 Wilson,
 
 60 Cal.2d 139, 151 [32 Cal.Rptr. 44, 383 P.2d 452].)
 

 The last trial date to which petitioner consented was October 13, 1976. He therefore had a right to be tried no later than October 23, 1976. We take judicial notice, however, that October 23, 1976, fell on Saturday. Therefore the 10-day grace period was extended until the following Monday, October 25, 1976. “Good cause” under section 1382 is a matter within the sound discretion of the trial court.
 
 (People
 
 v.
 
 Superior Court (Lerma)
 
 48 Cal.App.3d 1003 [122 Cal.Rptr. 267].) Taking all of the factors into consideration, including the codefendant’s illness on October 13th and the protraction of the Yarbrow matter, we cannot say that the
 
 *957
 
 court abused its discretion in continuing petitioner’s trial until October 28th, 3 days beyond the 10-day grace period.
 

 A different situation exists, however, with respect to the next continuance. We assume that Chan’s original estimate that the Yarbrow trial would last six to eight weeks was made in good faith. He was nonetheless on somewhat shaky ground when he agreed to the October 13th trial date in the instant matter since even if the six week estimate had proved accurate, he could not have been ready for trial on October 13th, although he might have been available by October 28th. By October 13th, it was obvious that Chan’s original time estimate in the Yarbrow matter was highly inaccurate. Moreover, at least as early as October 21st he determined that he would not be ready to proceed to trial on October 28th. He had also been put on notice at the October 13th hearing that petitioner would not consent to a further continuance. Chan was charged with the statutory duty to expedite the prosecution of criminal matters. (Pen. Code, § 1050.) When he realized that he would not be able to proceed to trial on October 28th, he should have turned this case over to an available colleague.
 
 [8]
 

 We accept Chan’s assertion that no other deputy district attorney was prepared to try the matter on October 28th. But such a showing is not enough. The burden of establishing good cause under section 1382 rests with the prosecution. Thus, in
 
 People
 
 v.
 
 Yniquez,
 
 42 Cal.App.3d Supp. 13 [116 Cal.Rptr. 626], the court found that trial court congestion constituted good cause for delay of criminal trials based upon evidence that all of the judges and the commissioner of the East Los Angeles Municipal Judicial District were involved exclusively in criminal matters during the relevant time period; that the Judicial Council had been contacted on four separate occasions but had been unable to provide assistance; and that the only civil matters tried during the period were heard by judges pro tern appointed by stipulation of the parties.
 

 Here, by contrast, the record is devoid of any evidence that any effort was undertaken to prepare another attorney to try the case. In fact, the only inference possible from the facts before us is that no such effort was made. Nor can we conclude from the record that such efforts were unnecessary because they would have proved futile. In resisting petitioner’s dismissal motion on December 17th, Pachtman argued that the
 
 *958
 
 People were proceeding on the assumption that Chan’s unavailability constituted good cause for delay, but that had the court found during earlier proceedings that it did not, the People would not have risked a dismissal, but “would have made some adjustment” and “would have tried to get another deputy prepared.” Thus, there seems a reasonable likelihood that diligent efforts on the part of the district attorney’s office would have produced a deputy able to tiy the case at least by October 28th.
 

 The People rely on
 
 People
 
 v.
 
 Kessel,
 
 61 Cal.App.3d 322 [132 Cal.Rptr. 126], for the proposition that the district attorney’s heavy caseload can constitute good cause for delay.
 
 Kessel
 
 is not in point. The record only shows that Mr. Chan’s workload was heavy, not that the district attorney’s caseload precluded handling the case.
 

 Let a peremptory writ of mandate issue directing respondent court to vacate its order of December 17, 1976, denying petitioner’s motion to dismiss pursuant to Penal Code, section 1382, and enter a new and different order granting said motion in that matter entitled People of the State of California v. Byron Batey, Los Angeles Superior Court No. A-323077.
 

 Stephens, Acting P. J., and Ashby, J., concurred.
 

 A petition for a rehearing was denied August 18, 1977, and the petition of the real party in interest for a hearing by the Supreme Court was denied September 22, 1977.
 

 [1]
 

 The petition asserts that petitioner objected to this continuance. The superior court file, of which we have taken judicial notice (Evid. Code, § 459), indicates that the continuance was granted on “stipulated motion.” There is no record of an objection by petitioner in the minutes of the April 29, 1976, proceedings.
 

 [2]
 

 A People’s appeal from that ruling is now pending before Division Four of this court.
 

 [3]
 

 Counsel for petitioner'did not receive a copy of the notice of motion until October 12, 1976.
 

 [4]
 

 The only possible basis for the court’s assumption was Chan’s original time estimate contained in his declaration in support of the motion. There was certainly no factual basis provided at the' hearing for assuming that the Yarbrow matter would conclude within two weeks.
 

 [5]
 

 This one was received by petitioner’s counsel on October 22, 1976.
 

 [6]
 

 Counsel for petitioner’s codefendant minimized the complexity of the matter in the aftermath of the dismissal of the Corporations Code violations.
 

 [7]
 

 Petitioner's codefendant was convicted of three counts of grand theft and acquitted of three such counts on January 31, 1977, following a court trial. He is not a party to this proceeding.
 

 [8]
 

 We do not know the status of the matters which had been set for trial on October 25th and November 1st. If Chan had not otherwise disposed of them, they would have presented an added argument for his getting assistance in the matter of petitioner’s trial.