**Jimmy A. MULLINS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4362.**

Supreme Court of Alaska.

March 28, 1980.

---

William H. Fuld, Law Offices of Kay, Christie, Fuld, Saville & Coffey, Anchorage, for appellant.

Leonard M. Linton, Jr., Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

BOOCHEVER, Justice.

This is a speedy trial case under Alaska R.Crim.P. 45.[1] The precise question presented is whether a three-month delay in appellant's trial was excludable under Rule 45(d), when that delay was occasioned by the state's decision to try appellant Jimmy Mullins' co-defendant first, so that he would be available to testify against Mullins.

---

1. Under Criminal Rule 45, a defendant must be tried within 120 days of his arrest, not including periods excluded for certain specified reasons, or the charges will be dismissed with prejudice.

Mullins and Billy Joe Howe were arrested on December 27, 1977, for their alleged robbery early that morning of a grocery store in Chugiak, near Anchorage. The omnibus hearing for both Mullins and Howe was set for January 30, 1978, and a joint trial was tentatively scheduled for the week of March 6. On January 20, the public defender, representing Howe, moved for a two-week continuance on the omnibus hearing,[2] and it was rescheduled for February 7. On February 3, the public defender filed another motion for continuance, to which all parties had stipulated their approval, and the omnibus hearing was postponed until March 7. In connection with this continuance, Mullins filed a thirty-day waiver of his Rule 45 rights.

On March 1, Howe's counsel moved for a continuance in the trial, which had been rescheduled for March 27, so that he could look into a possible insanity defense. Mullins expressed his nonopposition to this motion, and trial was reset for May 15. At the omnibus hearing on March 7, Mullins stated that he would move to sever his trial from Howe's if Howe put on an insanity defense. On March 8, Mullins gave an oral waiver of his Rule 45 rights until May 15.

On May 12, Judge Rowland ordered the trials of Howe and Mullins to be severed, because Howe filed notice of his intended insanity defense and because Mullins wanted a jury trial and Howe a bench trial. The state moved for reconsideration of that order, arguing that Howe's trial, if the severance order remained, would have to precede Mullins',[3] and that a Rule 45 violation might result. Meanwhile, on May 15, Mullins' counsel refused to allow his client to waive his Rule 45 rights any further. Because of court congestion, the trial dates for Howe

and Mullins were not set until mid-August. Mullins' trial did not in fact start until September 5, after the conclusion of the Howe trial.

On August 10, Mullins filed a motion to dismiss because of the alleged Rule 45 violation. The motion was argued before Judge Carlson, who denied it on the grounds that the May-to-August delay was chargeable to Howe, and hence also applied to Mullins, since the state could elect which co-defendant it wished to try first. Mullins was ultimately convicted of robbery[4] after a jury trial, Judge Rowland presiding. He has appealed on the Rule 45 question. We find his contentions to be well-founded, and hence reverse the conviction.

Criminal Rule 45(d) specifies that certain periods "shall be excluded in computing the time for trial." Two subsections are relevant here:

> (3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:
>
> (a) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date;
>
> .    .    .    .    .
>
> (7) Other periods of delay for good cause.[5]

Judge Carlson, in denying Mullins' motion, did not rely on any specific subsection. Rather, he simply placed his reliance on the rule of law that when the trials of co-defendants are severed, the state may elect which one to try first. Mullins does not

---

2. This motion was made because of a reassignment of Howe's case in the public defender's office. From the record it appears that Mullins neither opposed nor consented to the motion, although he did avail himself of the delay in filing his pretrial motions.

3. The state argued that it needed Howe's testimony to identify Mullins, and that Howe could not be forced to testify at Mullins' trial if his own trial were still pending.

4. A violation of AS 11.15.240.

5. In *Peterkin v. State*, 543 P.2d 418, 423 (Alaska 1975), we explained that the catchall "good cause" provision should be invoked in unique and unforeseen circumstances. Here, as in *Peterkin*, where it was contended that delay was justified by a witness's physical incapacity, the exception designated as 45(d)(3)(a) is applicable.

argue with this rule, but contends that it cannot override a defendant's Rule 45 rights.

We first must determine what standard of review is to be applied to a trial judge's rulings on excluded periods. The state has cited us to three cases holding that the determination of suitable cause for exclusion purposes is a discretionary function of the trial judge, and is subject to reversal only if that discretion is abused.[6] Mullins has cited us to no case with a contrary holding. We agree with the standard proposed by the state, and hereby adopt it.

We further conclude that the term "material" in the speedy trial rule should be given its ordinary meaning in the law as something that is important or necessary to the prosecution's case. *See* Black's Law Dictionary at 880 (5th ed. 1979). We decline to accept the view expressed in the dissent, that the prosecution can demand a continuance to obtain evidence only on a showing that the evidence "tends to prove . . . [a] fact." It is apparent that the speedy trial rule would be made meaningless by such an interpretation, as even the most remotely relevant evidence could satisfy this test. When the testimony of a co-defendant is involved, as here, there might be a delay of a year or more to cover the time necessary for an appeal.

Although the concept of "material" evidence has now been largely submerged in the concept of "relevancy" under the Alaska and Federal Rules of Evidence, C. Wright and K. Graham, Federal Practice and Procedure: Evidence, § 5164 (1978), this does not mean that materiality of evidence can be equated with relevancy in a wholly different context. Under our rules of evidence, relevancy relates to the admissibility of evidence, and indeed, evidence having "any tendency" to make the existence of a fact of consequence more or less probable is relevant and admissible. Alaska R.Evid. 401. Here the question does not concern the admissibility of evidence, but rather whether a defendant's right to a speedy trial can be avoided by the same relaxed standard that governs the admissibility of evidence. Our conclusion is that the importance of the interest involved compels a higher standard.

If the state in fact needed Howe's testimony to convict Mullins, we would find that the delay in Mullins' trial pending the proceedings against Howe would be properly excluded under Criminal Rule 45(d)(3)(a), quoted above. On the other hand, if Howe's testimony was clearly not significant to the state's case, we would have to find that Judge Carlson abused his discretion.[7] Our examination of this case convinces us that Howe's availability as a witness was not necessary to the prosecution.

We begin by noting that Howe did not testify at Mullins' trial. This fact is not dispositive, however, as the state wanted Howe available to rebut Mullins, if he testified. Hence, Mullins' decision not to take the stand in his own behalf obviated the state's potential need for Howe. Moreover, we must examine the circumstances as they existed on May 15, 1978, when Mullins' attorney advised the court that his client would not further waive his Rule 45 rights. The state knew and the court was advised well in advance of Mullins' trial that Howe would deny recollection, because of his intoxication, of any events surrounding the robbery. The state was interested instead in Howe's testimony that he and Mullins had gone to the house of Mullins' girlfriend on the night of the robbery. Should Mullins have taken the stand, and repeated his previous denials of any such visit, the state intended to use Howe's testimony to impeach Mullins' credibility.

---

6. *Batey v. Superior Court*, 71 Cal.App.3d 952, 139 Cal.Rptr. 689, 692 (1977); *State v. Best*, 171 Conn. 487, 370 A.2d 1035, 1038 (1976); *People v. Watson*, 47 Ill.App.3d 665, 7 Ill.Dec. 810, 365 N.E.2d 95, 97 (1977).

7. As the court stated in *United States v. Didier*, 542 F.2d 1182, 1187 (2d Cir. 1976), the government may not delay a defendant's trial beyond permissible limits merely to seek a "tactical advantage."

The few events which Howe could remember on the night of the robbery, like the trip to Mullins' girlfriend, were so tangentially related to the robbery that any discrepancies between the accounts of Mullins and Howe would have virtually no bearing on Mullins' credibility. Moreover, the state, as it admitted, had a strong case against Mullins without any testimony from Howe. The undisputed evidence included the fact that Mullins was driving the car involved in the robbery when he and Howe were arrested within an hour after the robbery was committed. Any possible testimony of Howe to the fact that Mullins drove the car would be principally cumulative. We conclude that Howe's testimony would not have been necessary even if Mullins had chosen to testify. Thus, we find that the trial court abused its discretion in finding excludable under Criminal Rule 45(d) the delay in Mullins' trial occasioned by the state's decision to try Howe first.[8] Since the nonexcludable delay here exceeded 120 days, Criminal Rule 45(g) requires dismissal with prejudice of the charge against Mullins.[9]

MATTHEWS, J., with whom RABINOWITZ, C. J., joined, dissented.

MATTHEWS, Justice, dissenting, with whom RABINOWITZ, Chief Justice, joins.

Alaska Rule of Criminal Rule 45(d)(3)(a) permits the exclusion of time caused by a continuance granted to the state "because of the unavailability of evidence *material* to the state's case . . .." (Emphasis added). The majority opinion concludes that this provision of Rule 45 does not apply because the testimony of the witness Howe was not "in fact needed . . . to convict Mullins" (opinion at p. 767) and thus was not "necessary" to the prosecution. (Opinion at pp. 766–767). The majority reads the rule as stating that time will be excluded where a continuance is granted the prosecution "because of the unavailability of evidence *necessary* to the state's case. . . . ." I do not join in this misreading of the rule.

Howe's potential testimony meets the standard of materiality actually expressed by the rule. Although he claimed to have been blacked out during the robbery, he remembered being driven by Mullins shortly before the robbery and shortly thereafter. This is not conclusive proof that Mullins was driving him during the robbery, but it tends to prove that fact and would have been important had Mullins elected to deny any role in the crime.

For this reason Mullins' conviction should stand.

---

**8.** *See United States v. Didier*, 542 F.2d 1182, 1187 (2d Cir. 1976):

> Ashdown's testimony was not necessary to the government's case, as is evidenced by the fact that appellant was ultimately convicted without it. At best the requested delay was a government maneuver designed to bolster its case against Didier; if Ashdown's conviction in the Fifth Circuit should be affirmed, thus assuring that he would serve a sentence on that charge, conviction of Ashdown in the present case would become less important and the government would be willing to give him immunity for his testimony against Didier. The desire to gain such a tactical advan-

tage, however, is not a sufficient reason for trial delay.

**9.** We do not find this an appropriate case to avoid the automatic dismissal sanction of Rule 45(g) by means of Alaska Rule of Criminal Procedure 53, allowing suspension of the rules when justice requires. *See Peterson v. State*, 562 P.2d 1350, 1360 (Alaska 1977). Although armed robbery is a serious offense, Mullins did not carry out the actual robbery, but waited in the car. Peterson, by contrast, perpetrated a quadruple murder. As we noted in *Westdahl v. State*, 592 P.2d 1214, 1217 (Alaska 1979), Alaska Rule of Criminal Procedure 45(g) should be suspended "only in extraordinary situations."