**STATE of Alaska, Petitioner,**

v.

**R.H., Respondent.**

No. A–757.

Court of Appeals of Alaska.

Dec. 27, 1985.

David Mannheimer, Asst. Atty. Gen., Anchorage and Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

Linda R. MacLean, Phillip Paul Weidner and Drathman, Weidner & Mysing, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This is the second time this case has been before us. *See State v. R.H.*, 683 P.2d 269 (Alaska App.1984). R.H. was charged by a grand jury with three counts of sexual assault under former AS 11.15.120, two counts of lewd and lascivious acts towards children under former AS 11.15.134, three counts of sexual assault in the first degree under former AS 11.41.410(a)(4), and two counts of sexual abuse of a minor under former AS 11.41.440(a)(2). All of these charges relate to alleged sexual abuse of R.H.'s minor daughter, S.H., during the period May 3, 1978 until January 10, 1981. R.H. was arrested on what ultimately became these charges on April 26, 1983. R.H. was arraigned on the charges on October 11, 1984 and moved to dismiss on the ground that more than 120 days of unexcludable time had elapsed since his arrest. Alaska Rule of Criminal Procedure 45(b) and (c). The state opposed the motion arguing that the time necessary for an interlocutory appeal in this case (approximately fourteen months) should be excluded in calculating the Rule 45 "speedy trial" period for R.H. *See* Alaska R.Crim.P. 45(d)(1). The trial court rejected this argument and dismissed the indictment. The trial court reasoned that in the absence of a stay of proceedings, time devoted to an interlocutory appeal by the prosecution is not excludable under Criminal Rule 45(d)(1). The court further determined that a stay would have been inappropriate in this case. The state appeals. We reverse. We conclude that where this court grants a petition for review, the time necessary to decide the petition is excludable from consideration under Rule 45 whether or not a stay is obtained. We do not decide therefore whether a stay would have been appropriate in this case.

Alaska Rule of Criminal Procedure 45(d)(1) provides in relevant part:

The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, *interlocutory appeals*, and trial of other charges. No pre-trial motions shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period. [Emphasis added.]

The trial court recognized that there was an interlocutory appeal in this case and that it accounted for the delay in bringing R.H. to trial. *See State v. R.H.*, 683 P.2d 269 (Alaska App.1984). The trial court reasoned, however, that to automatically exclude time devoted to an interlocutory appeal would defeat the purposes to be served by Alaska Rule of Criminal Procedure 45 and would also conflict with the appellate rules. Alaska Appellate Rule 405(b) provides:

*Stay.* Proceedings in the trial court or the enforcement of any order or decision thereof shall not be stayed by the filing of a petition for review or of an original application for relief unless the trial or appellate court, or a justice or judge thereof, so orders. Application for stay will be granted by the appellate court or a justice or judge thereof only in accordance with Rule 205 or 206.

Rules 205 and 206 essentially require that an application for stay be made in the trial court before it will be entertained at the appellate level.

Judge Buckalew found that the state had not requested a stay while the interlocutory appeal was pending. Judge Buckalew also determined that even if requested, a stay should not have been granted. He reasoned that the interlocutory appeal concerned the availability of Dr. Michael Weth-

erhorn, a psychologist, to testify at grand jury. Dr. Wetherhorn had been treating the R.H. family in connection with a "child in need of aid" proceeding which grew in part out of S.H.'s charges against her father. The state sought Dr. Wetherhorn's testimony in the hopes that it would disclose admissions by R.H. that he had sexually abused S.H. Judge Buckalew seemed to analogize a request for a stay under these circumstances to a request for a continuance because of the unavailability of evidence material to the state's case. Criminal Rule 45(d)(3)(a) provides:

The following periods shall be excluded in computing the time for trial:

(3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:

(a) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date....

In *Mullins v. State*, 608 P.2d 764 (Alaska 1980), the supreme court had occasion to interpret this provision. The court concluded:

We further conclude that the term "material" in the speedy trial rule should be given its ordinary meaning in the law as something that is important or necessary to the prosecution's case. [Citation omitted.] We decline to accept the view expressed in the dissent, that the prosecution can demand a continuance to obtain evidence only on a showing that the evidence "tends to prove ... [a] fact." It is apparent that the speedy trial rule would be made meaningless by such an interpretation, as even the most remotely relevant evidence could satisfy this test. When the testimony of a co-defendant is involved, as here, there might be a delay of a year or more to cover the time necessary for an appeal.

If the state in fact needed [the absent witness's] testimony to convict [the defendant], we would find that the delay in [the defendant's] trial pending the proceedings against [the absent witness] would be properly excluded under Criminal Rule 45(d)(3)(a), quoted above. On the other hand, if [the absent witness's] testimony was clearly not significant to the state's case, we would have to find that [the trial judge] abused his discretion [in excluding the time].

608 P.2d at 767 (footnote omitted). *See also Peterkin v. State*, 543 P.2d 418, 423–24 (Alaska 1975) (state cannot rely on an absent witness as justification for delaying defendant's trial beyond the 120 day limit unless a motion for continuance is made). Relying on these cases by analogy, Judge Buckalew apparently concluded that Wetherhorn's testimony was not material to the prosecution's case either before the grand jury or in the event of trial and a continuance to obtain it would therefore have been inappropriate. Consequently, Judge Buckalew seems to have determined that a stay while the issue was being reviewed would have been inappropriate as well.

The state requests that we reject this line of reasoning. It points out that the period of an interlocutory appeal is excluded regardless of whether the defendant or the state seeks interlocutory review. *Vail v. State*, 599 P.2d 1371, 1379–80 (Alaska 1979); *State v. Strelewicz*, 538 P.2d 1009 (Alaska 1975). The state also points out that there is no mention in Criminal Rule 45(d)(1) that a period of time excludable by virtue of an interlocutory appeal would depend upon the procurement of a stay or a request for a continuance. The state cites *State v. Clouatre*, 516 P.2d 1189 (Alaska

1973) for the proposition that when a period of time to be excluded is expressly mentioned in Criminal Rule 45(d)(1), that period is automatically excluded from the 120-day "speedy trial" period and that the state need not have previously moved for a stay or continuance or thereafter establish that the period of postponement caused an actual delay of trial. 516 P.2d at 1191. While the issue is a close one, we believe that the state's arguments are persuasive and adopt them. In *Clouatre* the supreme court emphasized the need for bright line rules that would enable easy administration of Rule 45. It said:

It must be kept in mind that the 120 day period set up by Rule 45 is only a basic datum. A considerably longer period could elapse before trial without resultant unfairness or injustice to the accused. Rule 45, with the excluded period set forth therein, merely sets the outer limits of delay.... We hold that the excluded periods [listed in Rule 45(d)] must be deducted in computing the time for trial, regardless of whether the event giving rise to the period of postponement caused an actual delay of trial.

516 P.2d at 1191.[1]

We note that the ABA standard from which Criminal Rule 45 is derived does not limit the excluded period for interlocutory appeals to any particular period or require an express stay of proceedings. *See* 2 ABA, *Project on Minimum Standards for Criminal Justice*, § 2.3(a) Standards Relating to Speedy Trial (Approved Draft 1968). *Accord* NDAA, *National Prosecution Standards*, Standard 15.3(F)(1) (1977); Uniform Rules of Criminal Procedure, Rule 722(f)(1)–(3) (1974).[2] The supreme court in

---

1. We read *Clouatre* as aimed at protecting the state where it reasonably but detrimentally relies on the letter of Rule 45(d). This may occur in the absence of an express provision in the rule or applicable commentary, or, as here, when no appellate decision construing the rule indicates that an interlocutory appeal by the state would not result in the exclusion of time under Rule 45(d)(1), absent a stay. We conclude that the state reasonably relied on the letter of the rule in this case. The *Clouatre* court's preference for bright line rules suggests

that neither the impact of the interlocutory appeal on the prosecution of R.H.'s case, nor the reasonableness of the state's determination that the time necessary to resolve the interlocutory appeal would be excluded, should be decided on a case by case basis.

2. Uniform Rule of Criminal Procedure 722(f)(3) excludes in computing the time for trial:

Any period of delay resulting from an interlocutory appeal, but not to exceed [two

*Vail* expressly refused to limit the excluded period available for an interlocutory appeal by reference to other provisions in Rule 45. 599 P.2d at 1379–80. There are additional reasons for not applying the *Mullins* rule to interlocutory appeals. The *Mullins* court expressed concern that if a continuance was granted and time excluded in every case in which the state could point to unavailable evidence, Rule 45 would virtually disappear. 608 P.2d at 767. Consequently, the court established strict standards regulating continuances at the prosecution's request. In contrast, interlocutory appeals in this jurisdiction are discretionary with the appellate court. In determining whether to grant or deny a petition for review, this court considers the respective positions of the parties, the significance of the decision to be reviewed and the effect that review will have on the rights of the parties and the continuation of the trial. Petitions for review are only granted where the issue is one of great moment, warranting appellate consideration out of the ordinary course of proceedings. Alaska Rule of Appellate Procedure 402(b). While granting a petition for review in this court does not automatically stay proceedings in the trial court, we believe, consist-

ent with the supreme court's rule in *Clouatre,* that the supreme court intended that it should result in the exclusion of the time necessary for appellate determination of the petition under Criminal Rule 45(d)(1).[3]

The judgment of the superior court is REVERSED. This case is REMANDED to the superior court with directions to reinstate the indictment against R.H.

months] if the appeal was taken by the prosecuting attorney and the time being determined is that for release under subdivision (b).

Rule 722(a) requires discharge of the defendant with prejudice if he is not tried within four months of, *inter alia,* his arrest or the filing of charges. Rule 722(b) only applies to those who are in custody pending trial and provides for their *release* if they are not tried within two months of, *inter alia,* their arrest or the filing of charges.

The commentary to this rule provides:

Paragraph (3) excludes the period of delay resulting from an interlocutory appeal. However, for purposes of subdivision (b), *supra,* which concerns *release* for lack of a prompt trial, a two month limit is imposed. The assumption is that a defendant should not be incarcerated an undue length of time merely because there is not a prompt disposition of an appeal taken by the prosecuting attorney. [Emphasis in the original.]

Uniform Rules of Criminal Procedure, Rule 722 commentary at 309 (1974).

Neither the ABA standard nor Alaska Rule of Criminal Procedure 45, which is derived from

the standard, has a provision comparable to the two month time limitation on interlocutory appeals taken by the prosecution. R.H. would not have benefited from the Uniform Rule because he was not in custody.

3. The issue considered in the interlocutory appeal arose prior to the return of any indictment and, *a fortiori,* prior to R.H.'s arraignment and the scheduling of trial. We do not suggest that our granting a petition for review would automatically vacate a trial date already set; it would not. We stress that R.H. never demanded trial. The trial court never set the matter for trial while the interlocutory appeal was pending. Consequently, the parties have not briefed or argued what effect an interlocutory appeal, after the return of an indictment, without a stay would have had on a demand for trial by R.H. or a *sua sponte* trial setting by the trial court. We do not, therefore, decide whether state opposition to a trial setting, whether resulting from the defendant's demand or a judicial *sua sponte* trial setting, should be resolved under Criminal Rule 45(d)(3)(a) (continuances at request of the prosecution to obtain material evidence which is unavailable).