# CHRISTOPHER HASFAL *v.* COMMISSIONER OF CORRECTION
## (AC 32098)

Beach, Bear and Peters, Js.

Argued September 23—officially released November 8, 2011

*Edward G. McAnaney*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. Formally, the issue in this appeal from the denial of a petition for habeas corpus is whether the petitioner was prejudiced by the failure of his appellate counsel to argue that he had been deprived of his right to a speedy trial in the underlying criminal prosecution, in violation of General Statutes § 54-82c.[1] Underlying this formal challenge to the validity of the petitioner's conviction is his contention that we should reexamine

---

[1] General Statutes § 54-82c provides in relevant part: "(a) Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information. For good cause shown in open court, the prisoner or his counsel being present, the court may grant any necessary or reasonable continuance. . . .

"(b) The written notice and request for final disposition referred to in subsection (a) hereof shall be given or sent by the prisoner to the warden, Community Correctional Center Administrator or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested. . . ."

the prevailing law that determines when the speedy trial clock starts running. We decline to undertake such a reexamination and affirm the judgment of the habeas court.

On May 14, 2009, the petitioner, Christopher Hasfal, filed an amended two count petition[2] for a writ of habeas corpus, challenging the validity of his conviction of criminal violation of a protective order, in violation of General Statutes § 53a-223, and possession of narcotics, in violation of General Statutes § 21a-279 (a). See *State v. Hasfal*, 106 Conn. App. 199, 941 A.2d 387 (2008). The second count of the petition alleged that the petitioner's constitutional rights had been violated by the failure of his appellate counsel to protect his right to a speedy trial.[3] On February 26, 2010, after a hearing, the habeas court denied the petition in its entirety. With the court's permission, the petitioner has appealed. We affirm the judgment of the court.

The facts underlying the petitioner's speedy trial claims are undisputed. On November 8, 2004, the petitioner delivered to the warden a signed form requesting a trial within 120 days of the pending charges for criminal violation of a protective order and possession of narcotics. In accordance with the requirements of § 54-82c, the warden forwarded the form to the state's attorney's office, where it was received on November 12, 2004, and to the appropriate court, where it was received on November 24, 2004.

On January 12, 2005, the petitioner requested a competency examination pursuant to General Statutes § 54-56d. On March 1, 2005, after a hearing, the parties stipulated to the petitioner's competency. On March 15, 2005,

---

[2] The petitioner withdrew, with prejudice, the first count of the amended petition, which alleged ineffective assistance of trial counsel.

[3] The amended petition also challenged the propriety of appellate counsel's failure to challenge one of the trial court's jury instructions. Although the habeas court rejected this claim as well, the petitioner has not renewed it on appeal to this court.

the next scheduled court date, new counsel caused the trial to be continued until April 5, 2005, for reconsideration of a plea offer. On April 6, 2005, the petitioner filed a motion for dismissal in which he claimed that his speedy trial rights had been violated. Jury selection for the petitioner's criminal trial began on April 21, 2005.

In light of this factual record, the habeas court found that the petitioner had not been prejudiced by his appellate counsel's failure to raise a claim that the petitioner's right to a speedy trial had been violated. In this appeal, the petitioner challenges the validity of the court's determination on two grounds. He maintains that the court (1) miscalculated the expiration date of the 120 day speedy trial period set forth in § 54-82c and (2) misapplied the statute to start the speedy trial calculation at a time subsequent to the petitioner's initiation of his speedy trial request.[4] We are not persuaded.

I

At the outset, we must identify the applicable standard of review. "The determination of whether a defendant has been denied his right to a speedy trial is a finding of fact, which will be reversed on appeal only if it is clearly erroneous. . . . The trial court's conclusions must stand unless they are legally and logically inconsistent with the facts. . . . Although the right to a speedy trial is fundamental, it is necessarily relative, since a requirement of unreasonable speed would have an adverse impact both on the accused and on society." (Citation omitted; internal quotation marks omitted.) *State* v. *Lacks*, 58 Conn. App. 412, 417, 755 A.2d 254, cert. denied, 254 Conn. 919, 759 A.2d 1026 (2000).

As the trial court did when it denied the petitioner's speedy trial motion, the habeas court addressed the

---

[4] The petitioner has advanced no claim that his federal or state constitutional rights were violated in this case.

merits of the petitioner's claim by considering the period of time that elapsed between November 12, 2004, the date the state's attorney's office received the petitioner's speedy trial request, and the commencement of trial on April 21, 2005.[5] We agree, however, with the respondent, the commissioner of correction, and conclude that the speedy trial period did not begin until November 24, 2004, the date the court received the petitioner's speedy trial request. In the absence of any claim of ambiguity in § 54-82c, we are persuaded that the petitioner's right to a speedy trial did not accrue until he fully had complied with the statute, which requires notification both of the state's attorney and of the court. See General Statutes § 54-82c (a) and (b).

The issue to be decided is, therefore, under the circumstances of this case, whether the petitioner's criminal trial, which commenced on April 21, 2005, took place within 120 days of November 24, 2004. Resolution of that issue depends, in turn, on the effect of the petitioner's request for a competency evaluation. It is undisputed that, pursuant to § 54-56d (d) and (e), the period of time required for resolution of this request must be excluded from the 120 day speedy trial period.

The parties disagree, however, about the manner in which this exclusion is to be calculated. The petitioner argues that the exclusion should be limited to the precise times stipulated by the statutes for the filing of the competency report and the holding of a competency hearing, regardless of actual compliance with these time periods. The respondent maintains that the exclusion should encompass the entire period between the date of the order granting the petitioner's request for a competency hearing and the next scheduled court

---

[5] Before the trial court, the parties stipulated to a start date of November 12, 2004. The habeas court accepted this stipulation, but noted that "this court thinks that's an error on the part of [the trial court judge]."

date, on which the court held the competency hearing and issued its ruling.

We agree with the respondent. We cannot envisage how a trial reasonably could have been commenced until the petitioner's competency to stand trial had been determined. Indeed, Practice Book § 43-40 (1) (D) expressly provides for the exclusion of time "between the commencement of the hearing on any pretrial motion and the issuance of a ruling on such motion . . . ." See also *State* v. *Mish*, 110 Conn. App. 245, 253–54, 954 A.2d 854 (delay occasioned by defendant's competency examination and related proceedings excluded from speedy trial calculation under § 54-82c), cert. denied, 289 Conn. 941, 959 A.2d 1008 (2008).

II

In addition to his contention that the habeas and trial courts misapplied § 54-82c, the petitioner argues that, as drafted and as previously construed, the statute fails to provide an effective method for protecting a prisoner's constitutional right to a speedy trial. The petitioner maintains that, because a prisoner has no control over a warden's processing and forwarding of his speedy trial request,[6] the proper starting date for the 120 day period during which his trial must be commenced should be the date on which a prisoner hands his speedy trial request to a prison representative.

This argument requires little discussion. The petitioner has not offered any basis for distinguishing the decisions of our Supreme Court that directly have addressed this issue and found § 54-82c to be to the contrary and controlling. See *State* v. *McCarthy*, 197 Conn. 166, 169–71, 496 A.2d 190 (1985); *State* v. *Springer*, 149 Conn. 244, 250, 178 A.2d 525 (1962) ("It

[6] We note that, as far as the record in this case indicates, there is no claim and no evidence that the warden failed to implement the provisions of § 54-82c in timely fashion.

is the completed delivery of both the request and the supplemental information which starts the running of the period of 120 days within which the prisoner must be brought to trial. . . . No provision is made . . . for fixing the date on which the notice and request is 'given or sent' by the prisoner to his custodian."). The petitioner has not identified any ambiguity in the statute that would provide a basis for departing from its mandate. This court, therefore, lacks the authority to take the action that the petitioner proposes.

The judgment is affirmed.